289 So.2d 472 (1974)
William OWENS, Appellant,
v.
STATE of Florida, Appellee.
No. 73-326.
District Court of Appeal of Florida, Second District.
February 8, 1974.
Jack P. Brandon, Woolfolk, Myers, Curtis, Craig & Gibson, Lake Wales, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and Richard C. Booth, Asst. Atty. Gen., Tampa, for appellee.
JOHNSON, W. CLAYTON, Associate Judge.
Appellant, William Owens, has appealed a judgment of conviction and sentence based upon a jury verdict finding him guilty of aggravated battery in the Circuit Court of Polk County.
A review of the record discloses that John Dicks arrived alone at the Oyster Bar midway between Winter Haven and Dundee at about 6:00 P.M. He consumed several beers and about 9:00 P.M. entered the unoccupied restroom of said premises. At this point Appellant, Danny Sasnett and Lavon Sasnett, who had been shooting pool together in the Oyster Bar, also enter the restroom as Dicks is preparing to depart the restroom. Whereupon, the uncontradicted testimony of Dicks revealed that Lavon tied Dick's shoelace string ear plugs in a knot and then requested of Appellant his knife which Lavon used to cut Dick's ear plugs loose. Seconds thereafter, still in the restroom, Lavon said "grab him" whereupon appellant grabbed Dicks from behind and held him while Lavon repeatedly struck Dicks in the face with his fist until Dicks fell to the floor where he was further struck, but was unable to state whether any feet were used to strike him as "I was trying to cover my face up". While on the restroom floor Dicks related "they said `get his wallet'" which they removed from his pocket but returned with their comment "It's only a dollar. Put it back." *473 No other persons were present in the restroom during the incident, however, state witnesses identified Appellant and the two Sasnetts leaving said restroom just prior to the discovery of Dicks lying on the restroom floor. Appellant, Danny and Lavon Sasnett departed the bar shortly after the beating of Dicks but later returned.
Dick's injuries were described as "a broken nose, one eye completely shut and the other one I could barely see out of. My lip was busted and I had blood on me." He was taken by ambulance to the hospital and released following emergency room treatment. The jury had the opportunity to examine five evidentiary photos taken of Dicks the following day. Betty Ellis, barmaid, of the Oyster Bar described Dicks' injuries: "He was beaten up all in the face. You couldn't even tell what he looked like."
The State also introduced evidence that approximately fifteen to twenty minutes following the beating of Dicks, Appellant, Appellant's brother and Lavon Sasnett returned to the Oyster Bar and forced their way in against the protestations of the bar owner. All three made threats against the bar owner and Appellant said he was going to kill him. The bar owner testified, "They were coming at me" but were stopped by the Sheriff's Department.
The thrust of Appellant's appeal is directed to three points: (1) that the evidence was insufficient as Lavon Sasnett was the protagonist of the Dicks beating; (2) the court erred in admitting evidence of the later threats upon the bar owner; and (3) the injuries inflicted upon Dicks were not sufficient to satisfy the essential statutory (Fla. Stat. 784.045, F.S.A.) elements of: great bodily harm, permanent disability or permanent disfigurement.
Turning to points one and two of this appeal, it is obvious that upon the evidence presented (nothing was shown to indicate Appellant struck Dicks) Appellant's guilt of the crime charged would necessarily depend upon a showing of aiding and abetting under Section 776.011 Fla. Stat., F.S.A., which requires proof of his intent to participate. Lockett v. State, Fla.App. 1972, 262 So.2d 253.
Abundant proof that the Appellant was present aiding and abetting Lavon Sasnett in the beating of Dicks was adduced at the trial and the jury was properly instructed under F.S. Sec. 776.011, F.S.A. As to the incidental evidence admitted at the trial showing Appellant's subsequent return to the Oyster Bar and threats against the bar owner, it would be improper, as Appellant contends, were its sole purpose be to show bad character or propensity of the Appellant to commit the crime charged, Williams v. State, Fla., 110 So.2d 654. However, in Christie v. State, Fla.App., 246 So.2d 605, we said,
"This 2nd District Court in Green v. State, Fla.App. 1966, 190 So.2d 42 (followed in Winkfield v. State, Fla.App. 1968, 209 So.2d 468) endeavored to analyze Williams in the light of the many previous Florida cases on the point in question; and in the course of our opinion in Green we said * * * Evidence of other offenses which was admissible before Williams has been generally held admissible since Williams, and will undoubtedly continue so to be held in the future; and vice versa as to inadmissibility.
"We analyze Williams, to mean that evidence of other offenses is admissible if 
 it is relevant and has probative value in proof of the instant case or some material fact or facts in issue in the instant case; and
 its admission is not precluded by some other specific exception or rule of exclusion."
Our Supreme Court in Williams v. State (1962), 143 So.2d 484 said:
"... evidence pointing to the commission of another crime is admissible if it casts light upon the character of the *474 crime under investigation by showing motive, intent, absence of mistake, common scheme, identity or a system or general pattern of criminality so that the evidence of the prior or subsequent offense would have a relevant or a material bearing on some essential aspect of the offense being tried." (Emphasis added)
Thus it appears that the questioned evidence was admissible on the issue of Appellant's intent to participate, proof of which is required by one aiding and abetting in the commission of a crime.
As to point three raised by Appellant that Dicks' injuries were not so serious as to constitute great bodily harm, permanent disability, or permanent disfigurement as required by Fla. Stat. 784.045, F.S.A. it is noted other jurisdictions have considered this subject as follows:
In People v. Smith (1972), 6 Ill. App.3d 259, 285 N.E.2d 460, the defendant therein argued that his conviction for aggravated battery must be reversed because the victim's injuries were not "great bodily harm", a necessary element in the offense of aggravated battery. The defendant argued "that he struck the complainant twice in the face with his fist, gave her a lump in her mouth, put a scar on her face, and left bruises under her chin", none of which injuries were permanent. The Illinois court in affirming conviction said:
"A person who, in committing a battery, intentionally or knowingly causes great bodily harm to another, commits aggravated battery. * * * Whether aggravated battery is committed when the injury inflicted does not break the skin, does not injure the bones and does not leave disfigurement or permanent injury of any kind, is a question of fact to be determined by the judge or jury.
* * * * * *
"The statutory term `great bodily harm' is not susceptible to precise legal definition. * * * Defendant asserts that great bodily harm is synonymous with permanent injury. True, it can be argued that all permanent injury constitutes great bodily harm. It does not follow, however, that all great bodily harm consists of permanent injury. Indeed, many serious bodily injuries leave no lasting effect on the health, strength, and comfort of the injured person.", further
In Anderson v. State (1973, Ind. App.), 291 N.E.2d 579, wherein there was involved the interpretation of an aggravated assault and battery charge in which the victim was struck five blows with a fist, the court in affirming conviction on said charge, said:
"Great bodily harm defines itself and means great as distinguished from slight, trivial, minor, or moderate harm, and as such does not include mere bruises as are likely to be inflicted in a simple assault and battery... . Whether the evidence describing such harm or injury is within the meaning of the statute ... is generally a question of fact for the jury."
Applying the foregoing observations of the Illinois and Indiana courts as to whether Dicks incurred great bodily harm, permanent disability, or permanent disfigurement we find the issue was one of fact to be resolved by the jury and this court should not disturb the jury's finding where there is sufficient competent evidence to sustain it.
Affirmed.
McNULTY, Acting C.J., and GRIMES, J., concur.