407 So.2d 357 (1981)
Robin Doddridge GUTHRIE, Appellant,
v.
STATE of Florida, Appellee.
No. 80-837.
District Court of Appeal of Florida, Fifth District.
December 16, 1981.
James B. Gibson, Public Defender, and Michael S. Becker, Asst. Public Defender, Daytona Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Barbara Ann Butler, Asst. Atty. Gen., Daytona Beach, for appellee.
COWART, Judge.
Appellant was tried by a jury and found guilty of aggravated battery. § 784.045(1)(a), Fla. Stat. (1979). On appeal, he argues the trial court erred in denying his motion for judgment of acquittal, arguing that the evidence only supported simple battery. § 784.03, Fla. Stat. (1979).
This case arose out of an unprovoked attack of an inmate at Brevard Correctional Institution wherein appellant and another inmate repeatedly hit the victim in the face, and on the shoulders and back. The appellant's blows gained added force by a flashlight battery held in his fist. As the result of this attack, the victim suffered substantial bruises on his back and shoulders, a cut on his shoulder, a cut on his ear, a cut open lip,[1] and a cut just above his right eye. Although the victim testified that his sight had not been permanently affected, the cut over his eye required twelve stitches and left a permanent scar. In addition to personally viewing the victim's scar at the time of trial, the six members of the jury had the benefit of three photographs of the victim's injuries taken shortly after he was injured.[2] *358 With the benefit of these personal observations, the trial judge denied the appellant's motion for judgment of acquittal and the six members of the jury weighed the evidence and, after being adequately charged, found appellant guilty of aggravated battery.
The trial judge and the jury saw the injuries the victim incurred and the photographs. We cannot and should not reweigh the evidence in the cold record before us and hold as a matter of law that neither permanent disfigurement nor great bodily harm was proved.[3] Whether or not a permanent facial scar is disfiguring should only be determined by personal observation.[4] Notwithstanding the permanent nature of this scar, section 784.045(1)(a), Florida Statutes (1979), specifically does not require a permanent injury because many serious injuries leave no lasting effect on the health of the victim. In determining if "great bodily harm" has occurred in a given fact situation, Owens v. State, 289 So.2d 472 (Fla. 2d DCA 1974),[5] is quite apt to the instant case:
"Great bodily harm defines itself and means great as distinguished from slight, trivial, minor, or moderate harm, and as such does not include mere bruises as are likely to be inflicted in a simple assault and battery... . Whether the evidence describing such harm or injury is within the meaning of the Statute ... is generally a question of fact for the jury." [emphasis added]

Id. at 474 (quoting Anderson v. State, 155 Ind. App. 121, 291 N.E.2d 579 (1973)).
AFFIRMED.
COBB and SHARP, W., JJ., concur.
NOTES
[1] The treating physician advised the victim that this cut required stitches but there was no testimony as to whether this was ever done.
[2] Admission of one photograph of the victim's face was objected to by defense counsel as being too "gruesome" for admission.
[3] Section 784.045(1)(a) provides:

(1) A person commits aggravated battery who, in committing battery:
(a) Intentionally or knowingly causes great bodily harm, permanent disability, or permanent disfigurement; [emphasis added]
Thus, proof of any one of the three types of injuries is sufficient for conviction.
[4] Again note the defense counsel's characterization in note 2, supra.
[5] The facts involved in Owens v. State, 289 So.2d 472 (Fla. 2d DCA 1974), are practically identical to the facts in the instant case. There the victim was attacked by the appellant and two others as he was leaving the restroom of a bar. The victim's injuries were described as "a broken nose, one eye completely shut and the other I could barely see out of. My lip was busted and I had blood on me." Id. at 473. There, as here, the jury had an opportunity to examine the evidentiary photos of the victim's injuries taken the following day. In weighing the seriousness of the injuries, the Owens court considered such a determination a question of fact for the jury.