GODERICH, Judge.
The respondents below, E.A., C.G., W.A., J.F. and V.F., appeal from their adjudications of delinquency for aggravated battery. We affirm the adjudications as to E.A. and C.G., but reverse the adjudications as to W.A., V.F. and J.F. and remand with instructions to reduce their adjudications to attempted aggravated battery.
The charges against the respondents arose from an attack on Alvaro Pio Gomez [the victim]. E.A. and C.G. were charged with attempted robbery, aggravated battery, and the obstruction of law enforcement officers without the use of violence. W.A. and J.F. were charged with attempted aggravated battery. V.F. was charged with attempted aggravated battery and attempted robbery.
On April 5, 1991, Officer Durso and Officer Duke witnessed the respondents attacking the victim. Officer Durso testified that he saw V.F. shove and then punch the victim in the face. The other respondents joined in and started to hit the victim ten to *252 twelve times. Thereafter, V.F. punched the victim knocking him to the ground. The other respondents continued to kick the victim. When Officer Durso arrived at the scene, he saw V.F. searching the victim’s pockets. At that point, the respondents fled. After apprehending several of the respondents, Officer Durso returned to the scene. Officer Durso noticed that the victim had a large bruise on his cheek, a swollen jaw, and that the victim was unconscious.
Officer Duke testified that V.F. was the first one to strike the victim, and thereafter, the remaining respondents started to attack the victim. When the victim fell to the ground, the five respondents kicked the victim in the head, ribs and body. When Officer Duke approached the scene, the respondents fled. Thereafter, Officer Duke noticed that the victim had a swollen eye, a swollen jaw, and abrasions.
The victim testified that he did not remember the attack. The victim was released from the hospital that same evening because “nothing was wrong.” The victim, however, did notice that he had a mark under his eye that was not there prior to the attack.
During closing argument, the prosecutor referred to the mark under the victim’s eye as a “scar or bruise.” When the defense counsel objected to the prosecutor’s statement, the trial court responded, “I saw the victim’s face.”
The trial court found C.G. and E.A. guilty of aggravated battery and resisting arrest. The trial court found V.F. guilty of aggravated battery and attempted robbery. Finally, the trial court found W.A. and J.F. guilty of aggravated battery. The respondents appeal.
The respondents contend that the trial court erred in finding them guilty of aggravated battery where the State failed to prove that the battery resulted in great bodily harm, permanent disability or permanent disfigurement.[1] We disagree.
The issue of whether a victim incurred great bodily harm, permanent disability, or permanent disfigurement is a question of fact. Owens v. State, 289 So.2d 472, 474 (Fla. 2d DCA 1974). The fact finder’s findings should not be disturbed on appeal where the findings are supported by sufficient competent evidence. Owens, 289 So.2d at 474. “Great bodily harm defines itself and means great as distinguished from slight, trivial, minor, or moderate harm, and as such does not include mere bruises as are likely to be inflicted in a simple assault and bat-tery_” Owens v. State, 289 So.2d 472, 474 (Fla. 2d DCA 1974) (quoting Anderson v. State, 155 Ind.App. 121, 291 N.E.2d 579 (1973)).
In the instant case, the testimony revealed that the victim was repeatedly hit and kicked by the respondents. As a result of the battery, the victim received a swollen eye, a swollen jaw, and a mark or scar under one of his eyes. In addition, the beating resulted in the victim losing consciousness. Under the facts of this case, there was sufficient competent evidence for the fact finder to find that the victim incurred great bodily harm. See Owens, 289 So.2d at 474 (victim incurred great bodily harm where as a result of battery victim received a lump on her mouth, scar on her face, and a bruise).
As the State properly concedes, the trial court erred in finding respondents W.A., V.F. and J.F. guilty of aggravated battery since they were charged with attempted aggravated battery. See M.F. v. State, 583 So.2d 1383 (Fla.1991); In re C.T., 582 So.2d 1245 (Fla. 4th DCA 1991). Accordingly, the adjudications of W.A., *253 V.F. and J.F. are reversed and remanded with instructions to reduce the adjudications to attempted aggravated battery.
Accordingly, we affirm the adjudications of E.A. and C.G. for aggravated battery; reverse the adjudications of W.A., V.F. and J.F. for aggravated battery and remand with instructions to reduce the adjudications to attempted aggravated battery; and affirm the remaining adjudications which were not contested on appeal.

. Section 784.045(l)(a), Florida Statutes (1989), provides as follows:
A person commits aggravated battery who, in committing battery:
1. Intentionally or knowingly causes great bodily harm, permanent disability, or permanent disfigurement; or
2. Uses a deadly weapon.
In the instant case the respondents were not charged with the use of a deadly weapon, nor was there any evidence which demonstrated that a deadly weapon was used. Accordingly, the State had to prove that the battery resulted in great bodily harm, permanent disability, or permanent disfigurement.