PER CURIAM.
Rodney Pearson appeals his sentences for two counts of driving under the influence involving serious bodily injury and several related offenses. Pearson was a juvenile at the time of the offenses, but he was sentenced as an adult. The trial court entered an order containing written findings in support of Pearson’s sentence as required by section 39.059(7)(d), Florida Statutes (1991), but the order was entered two months after sentencing, nunc pro tunc to the date of sentencing. We must reverse for two reasons.
At the time the written findings were entered, the trial court had been divested of jurisdiction by Pearson’s filing of a notice of appeal.[1] Furthermore, although the findings were entered nunc pro tunc to the date of sentencing, the supreme court has held that written findings in support of an adult sentence must be entered at the time of sentencing. Troutman v. State, 630 So.2d 528, 532 (Fla.1993). See also Coronado v. State, 654 So.2d 1267 (Fla. 2d DCA 1995) (entry of written findings nunc pro tunc to date of sentencing does not satisfy contemporaneous requirement of Troutman).
Moreover, even if the findings had been entered contemporaneously, they would be considered insufficient because some of them were merely conelusory. As noted in Troutman, a “trial court must give an individualized evaluation of how a particular juvenile fits within the criteria [of the statute]. Mere conelusory language that tracks the statutory criteria is insufficient.” 630 So.2d at 531.
Accordingly, we reverse Pearson’s sentences and remand for resentencing. The trial court may again impose adult sanctions upon Pearson “in light of conditions existing at the time of the original sentencing[,]” provided it complies with the requirements of section 39.059. 630 So.2d at 533 (footnote omitted).
Reversed and remanded for resentencing.
DANAHY, A.C.J., and LAZZARA and FULMER, JJ., concur.

. We note that Pearson abandoned his motion for reconsideration and/or correction of sentence by filing a notice of appeal. In re Forfeiture of $104,591, 589 So.2d 283 (Fla.1991).