STONE, C.J.
Appellant was convicted of attempted second-degree murder. We reject Appellant’s claim that the trial court erred in denying his motion for judgment of acquittal and, accordingly, affirm.
Appellant and co-defendant Manka were jointly charged in the brutal kicking attack upon the victim, Karen Daye. The record reflects that at the time of the attack, the co-defendants were social guests in the victim’s home. Another man, Thomas Champion, was also present. A dispute between Manka and Champion turned into a physical altercation where Manka attacked Champion and exhorted Appellant to “kick the crap out of him.” Appellant and Manka started “wailing” on Champion; then Appellant turned and pushed Daye to the floor. Both Champion and Daye recalled being kicked extensively. Daye testified that she felt two different sets of boots [1], the same time, kicking her back and her head. Champion testified that he blacked out and that, when he woke up, Appellant and Manka were gone and Daye *608 was lying face up in a puddle of blood and not breathing.
The victim received extensive injuries: a fractured skull, subdural hematoma, missing teeth, black eye, injury to her back, and a laceration on her forehead. The night of the incident, Daye underwent emergency brain surgery to remove the hematoma from her brain, and she remained hospitalized for approximately one and a half months. She was in a deep coma when she arrived at the emergency room. A doctor testified that patients with injuries as severe as hers have only a twenty percent survival rate if surgery is not performed quickly. The doctor testified that the victim’s injuries were consistent with having been caused either by a high speed accident, very severe fall, or an assault involving more than a single blow.
At the close of the state’s case, Appellant moved for a directed verdict of acquittal, arguing that there was no proof that Appellant participated in injuring Karen Daye, the sole victim on the charge in this appeal. The state responded that it was proceeding on a principals theory because both defendants were involved in the kicking. Appellant acknowledges that Daye was a victim of attempted second-degree murder and the record supports this concession. The issue is whether the state introduced sufficient evidence to determine that Appellant perpetrated, or acted in concert with the co-defendant in, the assault.
On a motion for judgment of acquittal, the evidence must be viewed in the light most favorable to the state, and all conclusions drawn favorable to it that the jury might fairly and reasonably infer from the evidence. Lynch v. State, 293 So.2d 44 (Fla.1974).
In order to show that Appellant was a principal in the crime committed by Manka, it was necessary to show that Appellant intended that the crime be committed and that he did some act to assist Manka in actually committing the crime. Staten v. State, 519 So.2d 622 (Fla.1988).
There is ample evidence that Appellant attacked the victim and committed overt acts assisting Manka in the attack. The victim testified that she felt two sets of boots kicking her at the same time. Given that there were only four people present at the time of the fight and that she and Champion were being beaten, it is reasonable to conclude that Appellant and Manka were doing the kicking. Although identification of Appellant as one of the two persons kicking Daye was proven circumstantially, the record meets the test for reviewing a motion for judgment of acquittal in circumstantial cases as enunciated in State v. Law, 559 So.2d 187, 188 (Fla.1989). Cf. Owens v. State, 289 So.2d 472 (Fla. 2d DCA 1974). There, two brothers, Danny and Lavon, were shown to have entered a restroom where the victim had been beaten and also shown to have left just prior to the discovery of the victim lying on the restroom floor. The victim in Owens heard Lavon tell his brother to “grab him.” The victim further testified that he had to cover his face to avoid being struck there and was unable to see the appellant strike him. No other persons were present in the restroom during the incident. The court concluded that there was abundant proof that the appellant aided and abetted his brother in the attack.
Appellant is equally criminally responsible for the injuries he inflicted as well as those inflicted by his co-defendant. Where co-defendants act willfully and in concert to inflict serious injuries, it is not necessary for the state to demonstrate which injuries were inflicted by each. See Flounory v. State, 674 So.2d 857 (Fla. 4th DCA 1996) (“Even though appellant’s knife may not have struck the fatal wound, appellant, at a minimum, was an aider and abettor in the criminal event causing the death and as such her act was not unconnected to or independent of the cause of death.”)
We affirm the denial of Appellant’s motion for judgment of acquittal. As to the other issues raised on appeal, we also find no error and affirm.
WARNER and GROSS, ,TJ., concur.

. We recognize that there is evidence that Appellant was not wearing “boots.”