771 So.2d 1261 (2000)
C.A.C., a child, Appellant,
v.
STATE of Florida, Appellee.
No. 2D00-381.
District Court of Appeal of Florida, Second District.
November 15, 2000.
James Marion Moorman, Public Defender, Bartow, and Howardene Garrett, Assistant Public Defender, Bartow, for Appellant.
*1262 Robert A. Butterworth, Attorney General, Tallahassee, and Deborah F. Hogge, Assistant Attorney General, Tampa, for Appellee.
THREADGILL, Acting Chief Judge.
C.A.C., a juvenile, appeals an order finding him guilty of committing the delinquent act of aggravated battery and placing him on community control. He claims the evidence presented at trial was insufficient to establish a prima facie case of guilt against him for the offense of aggravated battery. We agree and reduce the finding of guilt from aggravated battery to simple battery.
Section 784.045, Florida Statutes (1999), provides:
(1)(a) A person commits aggravated battery who, in committing battery:
1. Intentionally or knowingly causes great bodily harm, permanent disability, or permanent disfigurement; or
2. Uses a deadly weapon.
Thus, the State was required to prove that C.A.C. used a deadly weapon, or that he intentionally caused great bodily harm to the victim.
Taking the evidence in the light most favorable to sustaining the trial court's finding, C.A.C., who was ten years old, was involved in a physical altercation with the victim, who was eleven years old. During the struggle, C.A.C. stabbed the victim two or three times in the back with a fork. C.A.C. had been using the fork to eat watermelon before the fight began. After the fight, the victim had scratches, swelling and puncture marks on his back. The victim, however, did not receive medical treatment for the injuries.
First, we must determine whether the victim suffered great bodily harm. The issue of whether injuries constitute great bodily harm is a question of fact. See Owens v. State, 289 So.2d 472 (Fla. 2d DCA 1974). The State, however, must prove more than that the victim suffered some harm. See Williams v. State, 651 So.2d 1242 (Fla. 2d DCA 1995). This court has observed that great bodily harm "`means great as distinguished from slight, trivial, minor, or moderate harm, and as such does not include mere bruises as are likely to be inflicted in a simple assault and battery.'" Owens, 289 So.2d at 474 (quoting Anderson v. State, 155 Ind.App. 121, 291 N.E.2d 579 (1973)). Here, the evidence was insufficient to establish that the victim suffered great bodily harm.
Next, we must determine whether the fork in this case qualified as a deadly weapon. A deadly weapon is: any instrument which, when used in the ordinary manner contemplated by its design, will or is likely to cause death or great bodily harm; or any instrument likely to cause great bodily harm because of the way it is used during a crime. See D.C. v. State, 567 So.2d 998 (Fla. 1st DCA 1990). "Whether a weapon is deadly is a question of fact to be determined under all the circumstances, taking into consideration the weapon and its capability for use." E.J. v. State, 554 So.2d 578, 579 (Fla. 3d DCA 1989). When used in the ordinary manner contemplated by its design, a fork is not likely to cause death or great bodily harm. Further, as noted above, C.A.C.'s use of the fork caused scratches, swelling and puncture marks, which did not require medical treatment. The State presented no evidence to establish that the fork, as used in this case, was likely to cause great bodily harm. Thus, the evidence was insufficient to establish aggravated battery. The evidence presented, however, does support a finding of guilt for simple battery.[1] We therefore remand to the trial court with instructions to find C.A.C. *1263 guilty of battery and resentence him accordingly.
Reversed.
CASANUEVA and STRINGER, JJ., Concur.
NOTES
[1] Simple battery occurs when a person actually and intentionally touches or strikes another person against the will of the other or intentionally causes bodily harm to another person. See § 784.03(1)(a), Fla. Stat. (1999).