774 So.2d 844 (2000)
Robert HECK, Appellant,
v.
STATE of Florida, Appellee.
No. 4D99-2265.
District Court of Appeal of Florida, Fourth District.
December 27, 2000.
Richard L. Jorandby, Public Defender, and Tatjana Ostapoff, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Claudine M. LaFrance, Assistant Attorney General, West Palm Beach, for appellee.
*845 WARNER, C.J.
Appellant, Robert Heck, was convicted of aggravated battery. He claims on appeal that the court erred in giving a further instruction on the meaning of "great bodily harm" to answer a jury question. We affirm, concluding that the instruction, even if error, was harmless. Appellant also claims that the court erred in allowing cross-examination regarding prior convictions, but we conclude that appellant opened the door to such cross-examination through his testimony on direct examination. Finally, appellant raised an objection to one of his prior convictions used to qualify him for habitual offender status. Because this objection was not preserved, we affirm his sentence.
Appellant was charged and tried for an assault on a female victim with whom he had been living. When the victim came home one evening, she found her mobile home in a mess and appellant dismantling his waterbed. The victim was pressured to assist appellant in removing the waterbed in his vehicle. During the drive to his destination, appellant struck the victim twice on the head with his hand. The altercation continued after arrival, as the victim tried to escape and was grabbed by the hair and dragged back to the vehicle. He threatened her with a paint tool held to her throat. Appellant also punched the victim in the eye, sending her falling backward. As a result of the punch, she suffered a broken eye socket. One-third of the bone is missing, and the fragments are in the victim's sinuses. Appellant testified that the victim injured her eye when she fell and struck it.
The court gave the jury the standard instructions for aggravated battery, which require the jury to find that the defendant intentionally touched or struck the victim against her will and, in committing the battery, intentionally caused great bodily harm to the victim. The jury asked the judge to define "great bodily harm." Over a defense objection, the trial court used a definition taken from Coronado v. State, 654 So.2d 1267, 1270 (Fla. 2d DCA 1995), and told the jury "[g]reat bodily harm in the context of aggravated battery means great as distinguished from slight, trivial, minor or moderate harm [and][a]s such, does not include mere bruises as are likely to be inflicted in a simple assault and battery." Appellant did not suggest an alternative. He simply noted his objection and requested that the jury be advised to rely on the definitions given in the standard jury instructions. However, as the trial court pointed out, there is no definition of great bodily harm in the standard jury instructions.
This court has previously noted that "what is important is that sufficient instructionsnot necessarily academically perfect onesbe given as adequate guidance to enable a jury to arrive at a verdict based upon the law as applied to the evidence before them." State v. Bryan, 287 So.2d 73, 75 (Fla.1973); Avila v. State, 745 So.2d 983, 985 (Fla. 4th DCA 1999). See also CSX Transp., Inc. v. Whittler, 584 So.2d 579, 586 (Fla. 4th DCA 1991) ("[I]f jury instructions, viewed as a whole, fairly state the applicable law to the jury, the failure to give particular instructions will not be error."). We conclude that the instructions, viewed as a whole, fairly state the applicable law. In McKnight v. State, 492 So.2d 450 (Fla. 4th DCA 1986), we noted that there is no precise legal definition of "great bodily harm." The definition used by the trial court was not erroneous and comported with the case law.
However, we also conclude that even if the jury instruction was error, it was harmless. The victim's orbital fracture, swelling, and bruising in this case, was sufficient evidence of great bodily harm. See, e.g., Cooley v. State, 686 So.2d 732 (Fla. 2d DCA 1997)(fractured leg requiring surgery constituted great bodily harm); Coronado, 654 So.2d at 1270 (facial fracture, numbness, and pain around the eye constitutes great bodily harm); Owens v. State, 289 So.2d 472, 474 (Fla. 2d DCA 1974)(victim incurred great bodily harm where, as a result of a battery, victim *846 received a lump on her mouth, scar on her face, and a bruise). Appellant did not contradict the extent of the victim's injuries.
In the second issue raised by appellant, he claims that the trial court erred in allowing the state to cross-examine him regarding the nature of his prior misdemeanor convictions. We have read his testimony elicited on direct examination by his attorney and conclude that appellant opened the door to such cross-examination as he testified to each of the convictions on direct.
Finally, appellant challenges his habitual offender designation on the ground that the court failed to investigate his complaint that the predicate conviction relied upon was invalid. We conclude that this issue is not preserved for direct appeal because the objection to the conviction was vague at best, and appellant did not carry his burden to show error. When the state offered into evidence the necessary documents indicating his prior convictions and that appellant was released on January 25, 1996, for one of his convictions, the court asked whether appellant had any objections, to which defense counsel responded, "I want the court to be aware that my client maintains that ... the earlier conviction was later found to be improper." The court overruled the objection. Appellant did not offer any evidence demonstrating that the predicate conviction was improper. It is appellant's responsibility to bring to the court's attention evidence that a prior conviction used in imposing habitual offender status was set aside or otherwise would not qualify. See Weems v. State, 645 So.2d 1098, 1100 (Fla. 4th DCA 1994); Henderson v. State, 611 So.2d 51 (Fla. 1st DCA 1992). Appellant did not meet that burden in this case.
Affirmed.
TAYLOR and HAZOURI, JJ., concur.