858 So.2d 1259 (2003)
Chau Ngoc NGUYEN, Appellant,
v.
STATE of Florida, Appellee.
No. 1D03-1880.
District Court of Appeal of Florida, First District.
November 17, 2003.
*1260 Appellant, pro se.
Charlie Crist, Attorney General; Elizabeth Fletcher Duffy, Assistant Attorney General, Tallahassee, for Appellee.
PER CURIAM.
The appellant challenges the trial court's order summarily denying his postconviction motion filed pursuant to Florida Rule of Criminal Procedure 3.850. Because the trial court failed to attach portions of the record to conclusively refute the appellant's claim that counsel was ineffective for failing to move for a judgment of acquittal where the state failed to prove that the stun gun either caused great bodily harm or constituted a deadly weapon, we reverse. We affirm all other issues raised in the appellant's motion without discussion.
The appellant was convicted of robbery with a firearm, carrying a concealed firearm, and aggravated battery. The appellant was charged with aggravated battery for either causing great bodily harm, permanent disability, or permanent disfigurement to the victim or by using a deadly weapon, to wit: an electric stun gun. Proving great bodily harm requires proving more than slight, trivial, minor, moderate, or some harm. See C.A.C. v. State, 771 So.2d 1261, 1262 (Fla. 2d DCA 2000). The record attachments in this case show that the victim testified that it hurt when she was shot with the stun gun and that it caused her to lie down and an officer testified that he saw burn marks on the victim. However, there was no testimony that the victim required medical treatment for her burns or that she had any lasting ill effects or scars from the use of the stun gun. Thus, it appears that there was insufficient testimony as a matter of law to support a charge of aggravated battery for causing great bodily harm. See Williams v. State, 651 So.2d 1242, 1243 (Fla. 2d DCA 1995); C.A.C. v. State, 771 So.2d at 1262.
"A deadly weapon is 1) any instrument which, when it is used in the ordinary manner contemplated by its design and construction will or is likely to cause great bodily harm, or 2) any instrument likely to cause great bodily harm because of the way it is used during a crime." D.C. v. State, 567 So.2d 998, 1000 (Fla. 1st DCA 1990). No cases in Florida appear to have determined whether a stun gun can constitute a deadly weapon either by its ordinary use, or by the way it was used in a crime. In the instant case, the state failed to present any testimony that a stun gun qualifies as a deadly weapon by its ordinary use and there was insufficient evidence to establish that it was a deadly weapon in the manner it was used on this victim. Thus, it appears that there was insufficient evidence as a matter of law to support a charge of aggravated battery for the use of a deadly weapon.
Because the trial court's attachments are insufficient to refute the appellant's claim that counsel was ineffective for failing to move for a judgment of acquittal on the basis that there was insufficient evidence *1261 to support the aggravated battery charge, we reverse the trial court's summary denial and remand for the attachment of further record portions that conclusively refute the appellant's claim or for an evidentiary hearing.
AFFIRMED IN PART; REVERSED IN PART and REMANDED.
BOOTH, BENTON and LEWIS, JJ., concur.