PER CURIAM.
 

 The appellant challenges the denial of a postconviction motion and amended motion filed pursuant to Florida Rule of Criminal Procedure 3.850. We affirm, without discussion, the denial of all but one of appellant’s claims. We reverse and remand ground five of appellant’s March 23, 2008, motion. In that ground, the appellant asserts that counsel was ineffective for failing to move for a judgment of acquittal on the charge of false verification of a pawn slip. The claim is facially sufficient and not refuted by any record attachments.
 
 [1]
 

 Cf. Nguyen v. State,
 
 858 So.2d 1259 (Fla. 1st DCA 2003) (“Because the trial court’s attachments are insufficient to refute the appellant’s claim that counsel was ineffective for failing to move for a judgment of acquittal on the basis that there was insufficient evidence to support the aggravated
 
 *1131
 
 battery charge, we reverse the trial court’s summary denial and remand for the attachment of further record portions that conclusively refute the appellant’s claim or for an evidentiary hearing”). Thus, we reverse and remand for the trial court to attach portions of the record conclusively showing that the appellant is not entitled to relief or to conduct an evidentiary hearing.
 

 AFFIRMED IN PART, REVERSED IN PART, and REMANDED.
 

 WEBSTER, LEWIS, and THOMAS, JJ., concur.
 

 [1]
 

 . The trial court erroneously denied the claim on the ground that the appellant was really challenging the sufficiency of the evidence.