EMAS, J.
Alonzo Gordon appeals his convictions for attempted second-degree murder and aggravated battery. For the reasons which follow, we reverse the conviction of attempted second-degree murder and remand for a new trial. We also reverse the conviction and sentence for aggravated battery and remand for entry of judgment and resentencing on the reduced offense of simple battery.
During an argument in March of 2008, Gordon hit his girlfriend, Amanda Pfeifer, with his hand and once with a belt, causing bruises to Pfeifer’s body. Pfeifer did not seek medical treatment and sustained no lasting injury. Thereafter, Pfeifer asked Gordon to move out of her apartment, but Gordon refused. On March 10, 2008, Pfeifer piled Gordon’s clothes in a box and put them outside the door. Gordon appeared at that time, pointed a rifle at her, and shot her once in the groin and then again in her hip, breaking her leg. Gordon was charged by information with attempted first-degree murder for the shooting of Pfeifer (Count One) and aggravated battery causing great bodily harm or permanent disfigurement for the earlier striking of Pfeifer with a belt (Count Two).
At the close of Gordon’s trial, the court instructed the jury on attempted first-degree murder and the lesser included offenses of attempted second-degree murder and attempted voluntary manslaughter.
On the lesser included offense of attempted voluntary manslaughter, the trial-court instructed the jury as follows:
To prove the crime of Attempted Voluntary Manslaughter, as a lesser included offense, the State must prove the following two elements beyond a reasonable doubt:
Alonzo J. Gordon committed an act which was intended to cause the death of Amanda Pfeifer and would have resulted in the death of Amanda Pfeifer except he failed to do so.
However, the defendant cannot be guilty of attempted voluntary manslaughter if the attempt [sic] killing was either excusable or justifiable as I have previously explained the term.[1]
*294 It is not an attempt if the defendant abandoned the attempt to commit the offense or otherwise prevented its commission under circumstances indicating a complete and voluntary renunciation of criminal purpose.
In order to convict of attempted voluntary manslaughter, it is not necessary for the State to prove that the defendant had premeditated intent to cause death.
The defense did not object to the instruction as given. Gordon subsequently was convicted of attempted second-degree murder and aggravated battery.
Gordon first contends the trial court fundamentally erred in giving the standard attempted voluntary manslaughter instruction to the jury as a lesser offense, because it imposed the additional element requiring proof of intent to kill. See State v. Montgomery, 39 So.3d 252 (Fla.2010). Based upon the language of the jury instruction, together with the Supreme Court’s decision in Montgomery and this Court’s decisions in Bass v. State, 45 So.3d 970 (Fla. 3d DCA 2010) and Coiscou v. State, 43 So.3d 123 (Fla. 3d DCA 2010), we agree. Accordingly, we reverse the defendant’s conviction and sentence for attempted second-degree murder and remand for a new trial on that charge. See Burrows v. State, 62 So.3d 1258 (Fla. 3d DCA 2011). However, we certify direct conflict with the Fourth District Court of Appeal’s decision in Williams v. State, 40 So.3d 72 (Fla. 4th DCA 2010) (distinguishing Montgomery and holding that the giving of the standard jury instruction on attempted voluntary manslaughter does not constitute fundamental error).
Next, Gordon contends the trial court erred in denying his motion for judgment of acquittal on the charge of aggravated battery by great bodily harm where the evidence, consisting only of bruises in various stages of healing, was insufficient to sustain the conviction.[2] More precisely, Gordon asserts that his trial counsel rendered ineffective assistance of counsel by failing to properly move for a judgment of acquittal based upon the complete absence of evidence to establish the element of great bodily harm, and that such a failure constitutes ineffective assistance of counsel on its face. Gordon concedes that the issue was not properly preserved below and he raises this issue for the first time on direct appeal. On appeal, the State does not argue the merits of this issue; rather, the State asserts that the ineffective assistance of counsel claim should be addressed in a postconviction motion rather than on direct appeal.
Claims of ineffective assistance of counsel are generally not reviewable on direct appeal. The proper procedure is to raise the issue through a collateral attack by way of postconviction motion in the trial court, which “allows full development of the issues of counsel’s incompetence and the effect of counsel’s performance on the proceedings.” Baker v. State, 937 So.2d 297, 299 (Fla. 4th DCA 2006) (quoting Grant v. State, 864 So.2d 503, 505 (Fla. 4th DCA 2004)).
However, when “the facts giving rise to such a claim are apparent on the *295 face of the record,” Dante v. State, 903 So.2d 293, 296 (Fla. 3d DCA 2005) (quoting Mizell v. State, 716 So.2d 829, 830 (Fla. 3d DCA 1998)), the issue may be reached during the direct appeal. This case presents just such a circumstance, and it would serve no purpose to require Gordon to file a postconviction motion where the record necessary to decide the issue is already fully developed.[3] In the instant case, the State charged Gordon with committing an aggravated battery by “actually and intentionally touching or striking” the victim “by beating her with a belt” which caused “great bodily harm or permanent disfigurement, to wit: scarring.” See § 784.045(l)(a)l., Fla. Stat. (2008) (“A person commits aggravated battery who, in committing battery: 1. Intentionally or knowingly causes great bodily harm, permanent disability, or permanent disfigurement; ....”)
Following the presentation of evidence, and during the charge conference, the State and defense agreed to delete the allegation of permanent disfigurement and submit this count to the jury only on the allegation of great bodily harm. The trial court thereafter instructed the jury that the State had to prove two elements to establish the crime of aggravated battery:
1. Alonzo Gordon intentionally caused bodily harm to the victim.
2. Alonzo Gordon, in committing the battery, intentionally or knowingly caused great bodily harm to the victim.
Whether the defendant caused great bodily harm is typically a question of fact for the jury; however, a jury’s finding of great bodily harm must be supported by competent, substantial evidence. E.A. v. State, 599 So.2d 251, 251 (Fla. 3d DCA 1992) (confirming “great bodily harm means great as distinguished from slight, trivial, minor or moderate harm, and as such does not include mere bruises as are likely to be inflicted in a simple assault and battery.” (citing Owens v. State, 289 So.2d 472, 474 (Fla. 2d DCA 1974)); C.A.C. v. State, 771 So.2d 1261, 1262 (Fla. 2d DCA 2000) (holding “great bodily harm” not established for aggravated battery where defendant stabbed victim two or three times with a fork, leaving victim with scratches, swelling and puncture marks for which victim did not receive medical treatment); Nguyen v. State, 858 So.2d 1259, 1260 (Fla. 1st DCA 2003) (holding “great bodily harm” not established for aggravated battery charge where victim testified she was in pain and had burn marks when defendant shot her with a stun gun; the State presented no evidence that victim required medical treatment for her burns or suffered any lasting ill effects).
Here, the evidence was insufficient as a matter of law to establish the element of great bodily harm. Gordon struck Pfeifer one time with a belt, which caused bruises that healed without any medical treatment, and left neither scarring nor any other lasting effects. As a result, and based on the record before us, we conclude *296 that counsel’s failure to move for judgment of acquittal based on the State’s failure to establish great bodily harm fell outside the “wide range of reasonable professional assistance.” Strickland v. Washington, 466 U.S. 668, 689, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). See also Hicks v. State, 41 So.3d 327 (Fla. 2d DCA 2010) (finding ineffective assistance of counsel on face of record for trial counsel’s failure to properly move for judgment of acquittal). Had counsel made a proper motion for judgment of acquittal and argued that evidence was insufficient to establish the element of great bodily harm, the defendant would have been entitled to a judgment of acquittal on the aggravated battery charge, and a reduction of the charge to the lesser included offense of simple battery.[4]
We therefore reverse the conviction and sentence on Count One (attempted second-degree murder) and remand for a new trial. We reverse the conviction and sentence for Count Two (aggravated battery), and remand with directions to enter a judgment of guilt for the lesser-included offense of simple battery, and to proceed with a resentencing on that count.

. While charging the jury, the trial judge called the attorneys sidebar and said: "I know you asked for those lesser included offenses [i.e., attempted second degree murder and attempted voluntary manslaughter] so justifiable deadly force and excuse [sic] is not necessary.” Defense counsel responded: "That’s correct.” The court provided no instructions to the jury on excusable and justifiable homicide. Because we reverse for a new trial on Count One, we need not decide whether, given defense counsel’s response, the failure to instruct on excusable and justifiable homicide constitutes fundamental error. See Richardson v. State, 818 So.2d 679 (Fla. 3d DCA 2002) (stating general rule that failure to instruct jury on excusable and justifiable homicide in any murder or manslaughter trial constitutes fundamental error, even if defense counsel does not request instruction); cf. Philippe v. State, 795 So.2d 173 (Fla. 3d DCA 2001) (holding failure to instruct jury on excusable and justifiable homicide is not fun *294 damental error where defense counsel affirmatively agrees to omission of instruction).

. Defense counsel did not move for judgment of acquittal on these grounds at trial. Instead, after the State rested its case, counsel argued generically that the evidence presented failed to establish guilt beyond a reasonable doubt. The court denied the motion. When the defense rested, counsel renewed the motion, this time contending that there were conflicting versions of the events made by the defendant and the victim. The court denied the motion, concluding it was a jury question.

. Resolution of this issue requires no further development or an evidentiary hearing, because it is based upon the record testimony presented at trial and is viewed in a light most favorable to the State. Moreover, there could be no "strategic'' decision for defense counsel to argue for a judgment of acquittal in boilerplate fashion, when a particularized and proper argument would have resulted in a reduction of the aggravated battery charge (a second-degree felony) to simple battery (a first-degree misdemeanor), or would have at least preserved the issue for appeal. Finally, judicial economy is best served in this case by deciding the issue now; given our disposition of the first issue, it would make little sense to require Gordon to proceed with a postconviction motion on Count Two while, at the same time, preparing to proceed with a new trial on Count One.

. The information alleged, and there was sufficient evidence to establish, that Gordon "intentionally caused bodily harm to” the victim, which is the first element of aggravated battery. This element constitutes a simple battery. See § 784.045(l)(a)l., Fla. Stat. (providing the first element of an aggravated battery is a simple battery); Fla. R.Crim. P. 3.620 (stating when trial court "is of the opinion that the evidence does not sustain the verdict but is sufficient to sustain a finding of guilt of a lesser degree or of a lesser offense necessarily included in the one charged, the court shall not grant a new trial but shall find or adjudge the defendant guilty of the lesser degree or lesser offense necessarily included in the charge”). See also Jaimes v. State, 51 So.3d 445 (Fla.2010) (holding that where defendant was improperly convicted on charged offense of aggravated battery, but the elements of simple battery were alleged in the charging document, supported by proof at trial, and each element determined by the juty beyond a reasonable doubt, appellate court could remand case to trial court to direct entry of judgment on simple battery).