CIKLIN, C.J.
Michael Smith appeals his conviction and sentence for attempted aggravated *907 battery. Although the trial court reduced Smith’s charge from aggravated battery to attempted aggravated battery, Smith argues that, at most, the state was only able to prove the elements of a simple misdemeanor battery. Second, Smith contends the trial court erred in imposing a public defender fee without mentioning the imposition at the sentencing hearing or advising Smith that he could contest the amount. We agree on both points and reverse.
Smith choked the victim and robbed him of his wallet. According to the testimony at trial, Smith approached the victim on the street, put one arm around the victim’s neck, one arm behind his head, and kicked his legs out from under him. The victim then lost consciousness and awoke a couple of minutes later on the sidewalk with a scratch on his elbow and without his wallet.
Smith was later apprehended and charged with strong arm robbery and aggravated battery. After the state presented its case in chief, Smith moved for judgment of acquittal on the charge of aggravated battery, seeking to have his charge reduced to simple battery. Upon the state’s urging, the trial court instead reduced the charge to attempted aggravated battery.
The jury found Smith guilty of attempted aggravated battery, but acquitted him of robbery. The trial court' sentenced Smith to a term of imprisonment and imposed a $350 public defender fee.[1]
On appeal, Smith asserts that the state failed to present evidence of intent to inflict great bodily harm and thus did not meet its burden of proving the elements of attempted aggravated battery. Smith urges that the trial court erred by denying his motion for judgment of acquittal on the charge of aggravated battery and further erred by then reducing it to an attempt. Smith argues that only the charge of simple battery should have been submitted to the jury.
To prove aggravated battery, the state must present evidence that, while committing the battery, the defendant “[ijnten-tionally or knowingly cause[d] great bodily harm, permanent disability, or permanent disfigurement,” or used a deadly weapon, or that the victim of the battery was pregnant and the offender knew or should have known she was pregnant. See § 784.045(1), Fla. Stat. (2012). “Simple battery occurs when a person actually and intentionally touches or strikes another person against the will of the other or intentionally causes bodily harm to another person.” C.A.C. v. State, 771 So.2d 1261, 1262 n. 1 (Fla. 2d DCA 2000) (citing § 784.03(1)(a), Fla. Stat. (1999)) (reversing aggravated battery conviction for entry of simple battery conviction where defendant stabbed victim with a fork, resulting in scratches, swelling, and puncture marks for which victim did not receive medical treatment).
“Florida courts have generally defined ‘great bodily harm’ as ‘great as distinguished from slight, trivial, minor or moderate harm, and as such does not include mere bruises as are likely to be inflicted in a simple assault and battery.’ ” T.W. v. State, 98 So.3d 238, 243 (Fla. 4th DCA 2012) (citing Gordon v. State, 126 So.3d 292, 295 (Fla. 3d DCA 2011); Nguyen v. State, 858 So.2d 1259, 1260. (Fla. 1st DCA 2003); Heck v. State, 774 So.2d 844, 845 (Fla. 4th DCA 2000); C.A.C, 771 So.2d at 1262; Guthrie v. State, 407 So.2d 357, *908 358 (Fla. 5th DCA 1981)). “[T]he state ‘must prove more than that the victim suffered some harm.’ ” Id. (quoting C.A.C., 771 So.2d at 1262).
In the proceedings below, the trial court accepted the state’s argument that Zellars v. State, 707 So.2d 345, 346 (Fla. 5th DCA 1998), supported the charge of attempted aggravated battery, as it held that such a charge properly went to the jury where a defendant choked a victim.
In Zellars, a fifteen-year-old victim threw a soda on the twenty-three-year-old defendant after he grabbed her. She jumped into a nearby car and Zellars followed her. He put his hands around her neck for two to three minutes, during which time she was unable to breathe, yell out, or push him off. When two people nearby noticed what was transpiring, one of them ran over to another male and urged him to intervene. He did so, and pushed Zellars away from-the victim. The victim then sought medical treatment at the emergency room. The emergency room doctor testified at trial that the victim’s neck had not been broken, only bruised, but that it is possible for a strong person to break someone’s neck or crush someone’s trachea or larynx by choking them, which injuries could be serious and life-threatening. Zellars was convicted of attempted aggravated battery.
On appeal, Zellars argued the trial judge erred by not granting his motion for judgment of acquittal because there was insufficient or no evidence that he intended to cause the victim great bodily harm. The appellate court held that the question of intent was properly resolvable by the jury. Id. at 346. In so holding, the court noted that proof of Zellars’ intent was circumstantial, stemmed from witness testimony about his actions, and that “[h]e was much larger and older than the victim; the victim was strangled for three minutes and could not cry out or breathe; and he was only stopped from continuing to strangle her by the intervention of another man.” Id.
Here, there was no evidence to support Smith’s intent to cause great bodily harm and no evidence as to the duration of a choke; only that any type of “choking” subsided when the victim lost consciousness. There were no eyewitnesses, and the record does not indicate that there was a significant size disparity between Smith and the victim. Unlike the victim in Zel-lars, the victim here did not seek medical •treatment and there was no testimony from a medical expert that Smith’s actions could have resulted in serious and life-threatening injuries to the victim. Here, the victim had a single scratch on his arm.
Because the state failed to present evidence that Smith intended to cause the victim great bodily harm, the trial court should have reduced the charge to simple battery instead of attempted aggravated battery. Accordingly,'we reverse Smith’s conviction and remand for the trial’ court to find Smith guilty of simple battery and resentence him accordingly.
Although the issue concerning a public defender fee is rendered moot due to our instruction to resentence Smith, we discuss it to ensure the error is not repeated. As contended by Smith, the trial court erred in imposing a public defender fee without notice.
Florida Rule of Criminal Procedure 3.720(d)(1) provides: '
If the accused was represented by a public defender or other court appointed counsel, the court shall notify the accused of the imposition of a lien pursuant to section 938.29, Florida Statutes. The amount of the lien shall be given and a judgment entered in that amount against the accused. Notice of the ac *909 cused’s right to a hearing to contest the amount of the lien shall be' given at the time of sentence.
Here, the trial court did not notify Smith that it was imposing the public defender fee, nor of his right to a hearing 'to contest the amount of the fee. Should the court impose the fee when resentencing Smith, the court is obligated to provide Smith with notice of the fee and of his right to a hearing to contest the amount at the time of resentencing.[2] See id.
The remaining issues raised by Smith either lack merit or are moot in light of ,our reversal.

Reversed and remanded with directions.

KLINGENSMITH, J., concurs.
FORST, J., concurs in part and .dissents in part with opinion.

. Smith moved to correct the sentence, arguing that the fee was illegal because the trial court neither stated it was imposing the fee nor offered Smith an opportunity to contest the amount. The trial court denied the motion.

. Although not specifically raised by Smith on appeal, we take note of Florida Rule of Criminal Procedure 3.111(b)(5)(A), which requires a trial court to notify a criminal defendant of the possibility of a public defender lien before the initial appointment of the public defender.