# Third District Court of Appeal

## State of Florida

Opinion filed December 27, 2017.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D16-2838
Lower Tribunal No. 15-2756

_____

**D.M., a juvenile,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An appeal from the Circuit Court for Miami-Dade County, Angelica D. Zayas, Judge.

Carlos J. Martinez, Public Defender, and Susan S. Lerner, Assistant Public Defender, for appellant.

Pamela Jo Bondi, Attorney General, and Marlon J. Weiss, Assistant Attorney General, for appellee.

Before SUAREZ, LAGOA, and SCALES, JJ.

SUAREZ, J.

D.M., a juvenile, appeals from a withheld adjudication of delinquency on the charge of felony battery, and probation. We reverse the trial court's finding of

great bodily harm, and affirm the trial court's denial of D.M.'s theory of self-defense.

The then-thirteen-year-old defendant D.M. was on the school bus sitting in front of the twelve-year-old victim L.M. and another middle school student. D.M. testified that someone behind him was tapping or hitting him on the back of his head repeatedly, tapping him repeatedly harder. D.M. turned around and the actual aggressor, who was sitting next to L.M., pointed to L.M. D.M. then hit L.M. in the jaw with his fist, got up and moved to another seat on the school bus. L.M. testified that he started to cry, and when he got home, one of his lower teeth fell out, and another was allegedly loosened. The State charged D.M. with felony battery.

L.M. and D.M. both testified at the trial. L.M. testified that the aggressor "tapped" D.M., and D.M. testified that the aggressor "hit" D.M. in the back of the head. The tooth that D.M. knocked loose from L.M.'s mouth turned out to be a baby tooth. The adult tooth grew in and filled the spot. L.M. did not seek medical care at the time of the incident, and he testified that his jaw was not swollen or sore, but just red.

The defense twice moved for judgment of dismissal, arguing that the evidence of the loss of a baby tooth did not support the element of felony battery requiring proof of "great bodily harm," but at best supported a charge of simple

battery, a misdemeanor. The defense agreed that whether the defendant caused great bodily harm is typically a question of fact for the jury, but also argued that a jury's [or trial court's] finding of great bodily harm must be supported by competent, substantial evidence. The trial court denied the defense motions for judgment of dismissal, and at the end of argument, held the loss of the baby tooth to be great bodily harm, and found D.M. guilty of felony battery.[1] The court withheld adjudication of delinquency and placed D.M. on probation "for the statutory maximum term with possibility of early termination." D.M. appeals.

Florida Statutes section 784.041 (2017) provides that a person commits felony battery if he or she: a) actually or intentionally touches or strikes another person against the will of the other; and b) causes great bodily harm, permanent disability, or permanent disfigurement. "Great bodily harm defines itself and means great as distinguished from slight, trivial, minor, or moderate harm, and as such does not include mere bruises as are likely to be inflicted in a simple assault and battery. . . ." Owens v. State, 289 So. 2d 472, 474 (Fla. 2d DCA 1974); E.A. v. State, 599 So. 2d 251, 252 (Fla. 3d DCA 1992) (same); see also, Nguyen v. State, 858 So. 2d 1259, 1260 (Fla. 1st DCA 2003) (holding "great bodily harm" not

---

[1] The trial court concluded, "With regard to the issue at hand I have considered the arguments that the loss of a tooth, because it's a baby tooth, does not amount to great bodily harm, the statute reads great bodily harm or great bodily harm, permanent injury or permanent disfigurement. Does it not? And therefore I do find that loss of the baby tooth is, a loss of a tooth is a loss of a tooth, and under the facts presented I do find great bodily harm."

established for aggravated battery charge where victim testified she was in pain and had burn marks when defendant shot her with a stun gun; the State presented no evidence that victim required medical treatment for her burns or suffered any lasting ill effects); C.A.C. v. State, 771 So. 2d 1261, 1262 (Fla. 2d DCA 2000) (holding "great bodily harm" not established for aggravated battery where defendant stabbed victim two or three times with a fork, leaving victim with scratches, swelling and puncture marks for which victim did not receive medical treatment).

Under the facts presented in this appeal, the State failed to prove beyond a reasonable doubt that D.M. caused great bodily harm, permanent disability or permanent disfigurement, elements of the charge of felony battery. Although whether a defendant caused great bodily harm is a question of fact, that finding must be supported by competent substantial evidence, and here it is not. See, e.g., Melendez v. State, 718 So. 2d 746, 747-48 (Fla. 1998) ("As long as the trial court's finding are supported by competent substantial evidence, 'this Court will not substitute its judgment for that of the trial court on questions of fact, . . . .'" (quoting Blanco v. State, 702 So. 2d 1250, 1252 (Fla. 1997))). The State emphasizes that the victim lost a tooth but diminishes the clear evidence that this was not a permanent, disfiguring injury. The trial transcript indicates that L.M.'s adult tooth had grown in without incident. L.M. did not see a doctor or a dentist in

4

response to the incident, there was no evidence of lasting harm or permanent disfigurement – the record on appeal indicates that L.M.'s jaw was not swollen, and indeed, L.M. testified he could not even remember which baby tooth had been knocked out. Here, the loss of a baby tooth that has been replaced by the adult tooth, without more, demonstrates no great bodily injury, no permanent disability or disfigurement.[2]

We are mindful that in moving for a judgment of dismissal, the movant (here, the defense) "admits not only the facts stated in the evidence adduced, but also admits every conclusion favorable to the adverse party that a jury might fairly and reasonably infer from the evidence" Beasley v. State, 774 So. 2d 649, 657 (Fla. 2000) (citing Lynch v. State, 293 So. 2d 44, 45 (Fla. 1974)). When viewed in that light, if a rational trier of fact could find that the elements of the offense have been proven beyond a reasonable doubt, the evidence is sufficient to sustain the conviction and the motion should be denied. See A.P.R. v. State, 894 So. 2d 282, 285 (Fla. 5th DCA 2005). Our standard of review on denial of a motion for judgment of dismissal is de novo. Applying that standard to these facts, we conclude that the evidence was insufficient as a matter of law to establish great bodily harm and sustain a conviction for felony battery. We therefore reverse and remand for discharge of the felony battery conviction, and for entry of simple

---

[2] This a case of simple battery at best. It really should not have gotten to the trial court at all, but should have been resolved by the school authorities and the parties.

misdemeanor battery, and for appropriate resentencing commensurate with this opinion. We affirm the trial court's denial of the defendant's theory of self-defense.

Reversed and remanded.