# Third District Court of Appeal

## State of Florida

Opinion filed May 10, 2023.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D22-1788
Lower Tribunal No. F21-1859
_____

**Daniel Hernandez,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Daryl E. Trawick, Judge.

Daniel J. Tibbitt, P.A., and Daniel Tibbitt, for appellant.

Ashley Moody, Attorney General, and David Llanes, Assistant Attorney General, for appellee.

Before MILLER, GORDO and BOKOR, JJ.

PER CURIAM.

Affirmed. See Melbourne v. State, 679 So. 2d 759, 764 n.8 (Fla. 1996) ("Relevant circumstances [surrounding a strike] may include—but are not limited to—the following: the racial make-up of the venire; prior strikes exercised against the same racial group; a strike based on a reason equally applicable to an unchallenged juror; or singling the juror out for special treatment."); Lidiano v. State, 967 So. 2d 972, 976 (Fla. 3d DCA 2007) (explaining that the assessment of motive and credibility in the context of the proffered race-neutral rationale for a strike is a "matter solely within the purview of the finder of fact" unless the record establishes that the conclusion reached is clearly erroneous); Symonette v. State, 778 So. 2d 500, 503 (Fla. 3d DCA 2001) ("The fact that such a juror asserts that he or she can, nevertheless, be fair and impartial, does not mean that the state must be satisfied with the response."); see also E.A. v. State, 599 So. 2d 251, 252 (Fla. 3d DCA 1992) ("The issue of whether a victim incurred great bodily harm, permanent disability, or permanent disfigurement is a question of fact. The fact finder's findings should not be disturbed on appeal where the findings are supported by sufficient competent evidence.") (citation omitted).