PARKER, Judge.
Appellant, a juvenile, pled nolo conten-dere to sexual battery. He appeals the trial court’s order imposing restitution. We vacate the order and remand for further proceedings.
Of the two issues concerning restitution which appellant raises, we find merit in only one. Appellant contends that the state failed to carry its burden of proof in this case. Section 775.089 provides, in pertinent part:
(7) Any dispute as to the proper amount or type of restitution shall be resolved by the court by the preponderance of the evidence. The burden of demonstrating the amount of the loss sustained by a victim as a result of the offense is on the state attorney. The burden of demonstrating the financial resources of the defendant and the financial needs of the defendant and his de *307 pendents is on the defendant. The burden of demonstrating such other matters as the court deems appropriate is upon the party designated by the court as justice requires.
§ 775.089(7), Fla.Stat. (1987).
The victim’s mother testified that at the time her son was being victimized by the appellant, she discovered that her son was suffering from venereal warts. She expressed her opinion that he contracted them from the appellant. She also testified as to the cost of medical treatment for removal of the warts. The state presented no medical evidence to show the cause of venereal warts, nor was there any testimony indicating that the appellant suffered from this malady. Nevertheless, the trial court ordered the appellant to pay restitution in an amount equal to the costs incurred by the mother in procuring medical treatment for the victim. We believe the state failed to demonstrate by the preponderance of the evidence that the loss was sustained by the victim as a result of the offense. See § 775.089(7), Fla.Stat. (1987); D.N. v. State, 529 So.2d 1217, 1224 (Fla. 1st DCA 1988). See also State v. Williams, 520 So.2d 276 (Fla.1988).
The appellant also points out that the transcript of the restitution hearing lacks a determination by the trial court that the victim’s injury was caused by the appellant’s behavior. The trial court should have made such a determination before ordering restitution. See Williams; D.N.
Order of restitution vacated and remanded for further proceedings.
RYDER, A.C.J., and LEHAN, J., concur.