PARKER, Judge.
Timothy Cooley appeals the order of restitution imposed following his conviction for battery. We reverse because the trial court failed to make a determination that the battery caused the injury which was the basis for the order of restitution.
The state charged Cooley with Count (1) aggravated battery on William C. Geiler, and Count (2) battery on William C. Geiler. The jury returned a verdict of not guilty on Count (1) and guilty on Count (2). The trial court entered an order of restitution requiring Cooley to pay $8,814.27 for medical and related expenses, plus $5948 for loss of income.
The record indicates that Geiler attended a party where he suffered a fractured leg requiring surgery. However, it is not clear from the record whether Geiler’s injury occurred when he fell down some steps prior to the time that Cooley committed the battery, or during the battery.
Although a fractured leg requiring surgery would satisfy one of the elements (great bodily harm) in an aggravated battery charge, the jury acquitted Cooley of aggravated battery. A court cannot order the defendant to pay restitution for damages arising out of a crime for which he was acquitted. Barkley v. State, 585 So.2d 418, 420 (Fla. 1st DCA 1991). See also State v. Williams, 520 So.2d 276 (Fla.1988) (court cannot impose restitution for damages which transpired independent of the crime).
Additionally, the trial court did not make a determination that Cooley caused the victim’s broken leg. Therefore, we are compelled to remand with instructions for the trial court to determine whether the victim’s injury was a result of the battery. See F.J.O. v. State, 548 So.2d 306 (Fla. 2d DCA 1989) (error in failing to make a determination that the victim’s injury was the result of the criminal offense).
Reversed and remanded.
CAMPBELL, A.C.J., and DAKAN, STEPHEN L., Associate Judge, concur.