PER CURIAM.
We reverse appellant’s conviction and remand for new trial.
Over objection by appellant, his oral statement to a detective was introduced into evidence, not withstanding the state’s failure to comply with Florida Rule of Criminal Procedure 3.220(b)(1)(C).
The failure to conduct a Richardson hearing cannot be said to be harmless error because of the reasonable possibility of a difference in trial preparation or strategy. State v. Schopp, 653 So.2d 1016, 1020 (Fla.1995). Here, it is reasonably possible that the change in appellant’s strategy between opening statement and closing argument was caused by the admission of the undiscovered statement.
But for the above error, we would affirm. We find no error in the trial court’s denial of appellant’s motion for judgment of acquittal. State v. Law, 559 So.2d 187 (Fla.1989). Nor do we believe it was error to refuse to instruct the jury as appellant requested.
STONE, C.J., and GLICKSTEIN and WARNER, JJ., concur.