856 So.2d 1143 (2003)
Bryann ACOSTA, Appellant,
v.
STATE of Florida, Appellee.
No. 4D01-3974.
District Court of Appeal of Florida, Fourth District.
October 22, 2003.
Carey Haughwout, Public Defender, and Iva Oza, Assistant Public Defender, West Palm Beach, for appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Laura Fisher Zibura, Assistant Attorney General, West Palm Beach, for appellee.
POLEN, J.
This appeal arises from a final adjudication of guilt after a jury found Bryann Acosta guilty of Burglary. Acosta raises three arguments on appeal. Acosta first contends the trial court erred in denying his request for a Richardson[1] hearing. Acosta next alleges the trial court erred by assessing him $14,581 in restitution. Because we agree with Acosta on the first two issues, we need not address the third.
*1144 Acosta correctly contends the trial court erred in denying his request for a Richardson hearing. In Barrett v. State, 649 So.2d 219 (Fla.1994) the Florida Supreme Court reiterated that:
When a defendant elects to participate in the discovery process, the State has an ongoing duty to disclose and provide discovery. Fla.R.Crim.P. 3.220(j). When the State's failure to comply with the rules of discovery is brought to the court's attention, the court must conduct a Richardson hearing to determine if that failure has prejudiced the defendant. While the trial court has discretion to determine whether a discovery violation would result in harm or prejudice to the defendant, "the court's discretion can be properly exercised only after the court has made an adequate inquiry into all of the surrounding circumstances."
Id. at 221-22 (footnote omitted) (quoting Richardson, 246 So.2d at 775 (Fla.1971) (emphasis added)).
One of the pieces of physical evidence in this case was a footprint recovered at the crime scene. Thomas Hill compared the prints with Acosta's shoe. Hill testified that he identified seven points of identification that were unique to that shoe. Hill concluded that Acosta's shoe positively made the mark left at the scene. During defense counsel's voir dire of Hill, counsel asked if Hill could name any other experts in this field. Hill said he would have to refer to his notes. Later, during Hill's direct testimony, while Hill was explaining the footprint identification process to the jury, he explained that after he has found points of identification on a print, another person reviews his work. He stated that Bud Haemmerle was an expert in the field who reviews his work. Defense Counsel objected and asked for a Richardson hearing. That objection was denied and the court advised Hill not to testify further about Bud Haemmerle.
Defense counsel had informed the jury during opening statements that the expert who evaluated the shoe print evidence never had his work reviewed. This, Acosta asserts, was based on the fact that no such contrary evidence was received during discovery. In Richardson, the Florida Supreme Court held that:
if it is evident from the record that the non-compliance with the Rule by the State resulted in harm or prejudice to a defendant through failure to furnish the names of witnesses, and such witnesses were permitted to testify in behalf of the State, or if it should affirmatively appear that the State failed to furnish to the defendant the name of a witness known to the State to have information relevant to the offense charged against the defendant, or to any defense of the defendant with respect thereto, and the latter situation resulted in harm or prejudice to the defendant, appellate court reviewing his conviction must reverse.
Richardson, 246 So.2d at 774.
Based on the language of Richardson, if it appears the State failed to furnish to Acosta the name of a witness known to the State to have information relevant to the offense charged against Acosta and that failure resulted in prejudice, reversible error has occurred.
In Portner v. State, 802 So.2d 442 (Fla. 4th DCA 2001) this court explained that when a discovery violation occurs, Richardson requires at minimum an inquiry into the circumstances of the discovery violation, including: (1) whether the violation was inadvertent or willful, (2) whether it was trivial or substantial, and (3) whether noncompliance with this rule has prejudiced the opposing party's ability to properly prepare for trial. The court continued by explaining that although the failure to conduct a Richardson hearing is *1145 not per se reversible error, harmful error is presumed when a Richardson inquiry is not conducted. Only if the appellate court can say, beyond a reasonable doubt, that the defense was not procedurally prejudiced by the discovery violation can the error be considered harmless. Id. at 446 (internal citations and quotations omitted).
In Loisell v. State, 703 So.2d 534 (Fla. 4th DCA 1997), this court reversed a conviction and held that the failure to conduct a Richardson hearing could not be said to be harmless error where it was reasonably possible that the change in appellant's strategy between opening statement and closing argument was caused by the admission of the undiscovered statement. The same can be said about the case at bar.
As alleged in Acosta's motion for a new trial, and supported by the record, as a result of Hill's testimony Acosta had to alter his strategy at trial. During defenses opening statement, defense counsel explained to the jury that they were going to hear testimony from one of the state's witnesses claiming to be an expert in footwear. Defense counsel argued that "he never bothered to have his work checked by anybody, never got a second opinion, never asked anybody else to check his work to make sure it was right." It is clear that this line of argument had to be abandoned after Hill's testimony.
It was reasonably possible that the change in appellant's strategy was caused by the testimony regarding Bud Haemmerle. Therefore, we can not say beyond a reasonable doubt, that Acosta was not procedurally prejudiced by the discovery violation. As a result, we hold that the trial court erred in failing to conduct a Richardson hearing. As a result we reverse Acosta's conviction and remand for a new trial.
Acosta next alleges the trial court erred by assessing him $14,581 in restitution. Acosta asserts that this order is contrary to the jury's finding that Acosta was guilty of the lesser included offense of petit theft of property worth less than $300. We agree.
In Cooley v. State, 686 So.2d 732 (Fla. 2d DCA 1997), the Second District held that "[a] court cannot order the defendant to pay restitution for damages arising out of a crime for which he was acquitted." In Cooley, the defendant was charged with aggravated battery, but found guilty of only battery. The court explained that although the injury to the victim, a fractured leg, would satisfy the element of great bodily harm for aggravated battery, the jury did not find the defendant guilty of that crime.
In this case, the jury returned a verdict finding Acosta guilty of petit theft of property with a value of less than $300. Although given the option on the verdict form, the jury did not find Acosta guilty of grand theft of property with a value of $20,000 or more but less than $100,000 or grand theft of property with a value of $300 or more but less than $20,000.
The transcripts make clear that when determining the amount of restitution the trial court looked at the testimony of the victim regarding the value of the property taken. However, the jury did not find Acosta guilty of a crime where property of such a value was taken. As a result, the trial court erred in entering an order of restitution in an amount greater than the value of the property of the crime Acosta was convicted of.
REVERSED.
WARNER and STEVENSON, JJ., concur.
NOTES
[1] Richardson v. State, 246 So.2d 771 (Fla. 1971).