SALCINES, Judge.
Albert Moss appeals his convictions and sentences for lewd and lascivious act in the presence of a child under sixteen (counts one and three), lewd or lascivious battery (counts two and four), and lewd or lascivious molestation (counts five and six). We affirm, without discussion, the convictions on all counts as well as the sentences for counts one and three. For reasons further explained in this opinion, we reverse the sentences in counts two, four, five, and six, and remand those for resentencing.
The convictions arising from counts two, four, five, and six fell within the purview of the Criminal Punishment Code, and the sentences to be imposed were calculated on a Code scoresheet. See § 921.0024, Fla. Stat. (1999, 2000). In this appeal, Moss challenges the scoring of victim injury points for penetration.[1] Moss preserved his challenge by filing a motion to correct sentencing error pursuant to Florida Rule of Criminal Procedure 3.800(b)(2). Moss correctly argues that in scoring victim injury points for penetration, the trial court ran afoul of the constitutional concerns expressed in Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000).
As charged, the jury could find Moss guilty without necessarily finding that penetration had occurred. The verdict form indicated that Moss was found guilty as charged without indicating whether the finding was based on contact or penetration. Thus, the trial court did not have the authority to score victim injury points for penetration. See Whalen v. State, 895 So.2d 1222 (Fla. 2d DCA 2005).
The trial court sentenced Moss to twenty-five years’ incarceration followed by five years’ probation on his convictions for counts two, four, five, and six. Each of the foregoing convictions was for a second-degree felony with a statutory maximum sentence of fifteen years’ incarceration. See §§ 800.04, 775.082(3)(e), Fla. Stat. (1999, 2000). Those counts were scored on a Code scoresheet which reflected 160 points for two instances of penetration and *1133 80 points for two instances of sexual contact. Once victim injury points for penetration (160 points) are excluded, and victim injury points for contact (80 points) are added in their place, at most Moss scores 300 total sentence points, thereby making his lowest permissible sentence 204 months’ (17 years’) incarceration as to each of the four counts at issue.[2] See Behl v. State, 898 So.2d 217, 221-23 (Fla. 2d DCA 2005) (reversing sentence imposed under sentencing guidelines but allowing, on remand, assessment of points for contact since jury’s verdict necessarily required finding of at least sexual contact).
Hence, after victim injury points for penetration are excluded, the sentences imposed by the trial court in this case exceeded those authorized by the Code. See § 921.0024(2); Butler v. State, 838 So.2d 554, 556 (Fla.2003) (“If the lowest permissible sentence under the Code exceeds the statutory maximum sentence as provided in section 775.082, the sentence required by the Code must be imposed.”). Accordingly, we reverse the sentences imposed as to the convictions for counts two, four, five, and six.
Affirmed in part, reversed in part, and remanded for resentencing.
NORTHCUTT and SILBERMAN, JJ., concur.

. The sentences for counts one and three were scored on a separate Sentencing Guidelines Scoresheet and are not challenged in this appeal.

. This calculation assumes that the trial court would include victim injury points for contact.