GERBER, J.
The juvenile appeals from a disposition in which the circuit court, among other things: (1) found her guilty of grand theft as to a recovered laptop computer, but not as to unrecovered items including a camera and jewelry; and (2) ordered restitution of $220.00, which the probable cause affidavit alleged the victim would have to pay to recover the camera and jewelry from a pawnshop. The juvenile argues that because the circuit court acquitted her of the theft of the camera and jewelry, the court fundamentally erred in ordering her to pay restitution for those items. We agree with that argument. See Acosta v. State, 856 So.2d 1143, 1145 (Fla. 4th DCA 2003) (“[A] court cannot order the defendant to pay restitution for damages arising out of a crime for which [the defendant] was acquitted.”) (citation and internal quotations omitted); Davis v. State, 741 So.2d 1213, 1214 (Fla. 2d DCA 1999) (“[T]he error here was fundamental because to require appellant to pay restitution here would amount to imposing a punishment for an offense that appellant did not commit.”).
Based on the foregoing, we reverse and remand for the sole purpose of directing the circuit court to vacate that portion of the disposition which orders the juvenile to pay $220.00 in restitution.

Reversed and remanded with directions.

MAY, C.J., and LEVINE, J., concur.