# DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
## FOURTH DISTRICT

**STATE OF FLORIDA,**
Appellant,

v.

**MARY GAYLE TOMASHESKI,**
Appellee.

No. 4D12-4070

[June 17, 2015]

CORRECTED OPINION

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; John Hoy, Judge; L.T. Case No. 2010CF009526AMB.

Pamela Jo Bondi, Attorney General, Tallahassee, and Cynthia L. Comras, Assistant Attorney General, West Palm Beach, for appellant.

Carey Haughwout, Public Defender, and Mara C. Herbert, Assistant Public Defender, West Palm Beach, for appellee.

MAY, J.

The State appeals a restitution order. It argues the court erred in limiting restitution to $20,001. We agree and reverse.

The State charged the defendant with grand theft from persons sixty-five years of age or older and an organized scheme to defraud more than $50,000. The State alleged that the defendant, the victims' caregiver, knowingly obtained $50,000 or more from them. The verdict form allowed the jury to determine the monetary value range for the grand theft and organized scheme to defraud counts; five value ranges were provided.

The jury found the defendant guilty of grand theft of property and an organized scheme to defraud, both above $20,000, but less than $50,000. The jury also provided an unofficial note reflecting $44,698 and $36,898 for the grand theft and organized scheme to defraud counts, respectively.

At sentencing, the State nolle prossed the organized scheme to defraud

count. The trial court sentenced the defendant to a year and a day imprisonment, with credit for time served, to be followed by six years' probation.

The parties addressed restitution at the sentencing. The State requested between $120,000 and $140,000, the high end of the range chosen by the jury, or an amount to be determined by a restitution hearing. The State argued that at the very minimum, the evidence supported, and the jury's unofficial note established, restitution of $44,698.

The defendant responded that the State should have asked the jury to determine restitution in an interrogatory on the verdict form. The court took the matter under advisement. At a hearing the following week, the State asked if it could use the trial record to prove restitution. Defense counsel would not agree. The court decided it was bound by the jury verdict, and entered a restitution order of $20,001. From this order, the State now appeals.[1]

The State argues the trial court misapprehended the law when it limited restitution to the minimum amount of the monetary value range determined by the jury. It argues the trial court should have used the "significant relationship" test under section 775.089(1)(a), Florida Statutes (2012). The defendant responds that the trial court correctly limited restitution, and that *Apprendi v. New Jersey*, 530 U.S. 466 (2000) requires a jury finding on the amount of restitution.[2]

We review restitution orders for an abuse of discretion. *Koile v. State*, 934 So. 2d 1226, 1229 (Fla. 2006).

The appeal from this restitution order raises two questions. First, whether the jury or the court should determine the amount of restitution. Second, whether the amount of restitution is limited by the monetary value of the crime of which the defendant is convicted.

---

[1] The defendant argues we lack jurisdiction to review the restitution order. We disagree. "[S]ection 924.07(1)(k) must be interpreted to allow an appeal by the state from an order partially denying a claim for restitution." *State v. Allen*, 743 So. 2d 532, 534 (Fla. 1st DCA 1997).

[2] That argument has been rejected by our decision in *Roberson v. State*, 975 So. 2d 1246 (Fla. 4th DCA 2008), and by the Eleventh Circuit Court of Appeals in *Dohrmann v. United States*, 442 F.3d 1279, 1281 (11th Cir. 2006).

Section 775.089, Florida Statutes (2012), provides the answer to the first question:

> (1)(a) In addition to any punishment, the court *shall* order the defendant to make restitution to the victim for:
>
> 1. Damage or loss caused directly or indirectly by the defendant's offense; and
>
> 2. Damage or loss related to the defendant's criminal episode,
>
> unless it finds clear and compelling reasons not to order such restitution.

§ 775.089(1)(a)1.–2., Fla. Stat. (emphasis added).

This statutory provision creates the "significant relationship test." *See J.O.S. v. State*, 689 So. 2d 1061, 1064 (Fla. 1997). Section 775.089(7) further provides that "[a]ny dispute as to the proper amount or type of restitution *shall be resolved by the court by the preponderance of the evidence.*" § 775.089(7), Fla. Stat. (emphasis added). This does not mean that a jury can never be asked to determine the amount of loss or damage, but a jury decision is not required.

The second question is answered by our supreme court's decision in *J.O.S.* There, the state charged a juvenile with first-degree misdemeanor criminal mischief for breaking a truck window. *J.O.S.*, 689 So. 2d at 1062. The state did not prove the amount of loss at trial. *Id.* The court found the juvenile guilty of the lesser offense of second-degree misdemeanor criminal mischief. *Id.* at n.3.

At a subsequent restitution hearing, the victim testified that he paid $1,092 to repair the damage. *Id.* at 1063 n.4. Over defense objection, the trial court ordered restitution of $1,092, an amount exceeding the $200 maximum value of the second-degree criminal mischief adjudication. *Id.* at 1062–63.

On appeal, the First District affirmed the restitution order, reasoning that "a contrary finding would in effect require restitution amounts to be proven beyond a reasonable doubt at the criminal proceedings in cases where the defendant's alleged offense is defined by reference to a dollar amount." *Id.* at 1064 (citation omitted). The court concluded that "such a position would conflict with [Florida's restitution statute], which states that the burden of proof in establishing the amount of restitution is by a

3

preponderance of the evidence." *Id.* The First District certified a question, which the supreme court rephrased:

> Whether, in the absence of any plea agreement, restitution may be ordered in an amount greater than the maximum dollar value defining the offense for which a defendant is adjudicated guilty.

*Id.* at 1062.

Our supreme court answered the question in the affirmative, and affirmed the First District. It held "that restitution may be ordered in an amount greater than the maximum dollar value defining the offense for which a defendant is adjudicated guilty." *Id.* at 1065.

Here, neither this Court nor the trial court is restricted by a maximum dollar value ceiling dictated by a statute because the verdict reflected a monetary value range. Even if we were, *J.O.S.* instructs us that restitution may be ordered above a monetary value ceiling. The jury convicted the defendant of grand theft between the value range of $20,000 and $50,000. Yet, the trial court limited restitution to floor of the range. It erred in doing so.

We are aware that our decision in *Acosta v. State*, 856 So. 2d 1143 (Fla. 4th DCA 2003) appears to conflict with *J.O.S.* In *Acosta*, we held that restitution is limited by the monetary value ceiling associated with the crime of which the defendant is convicted. *Acosta*, 856 So. 2d at 1145. We relied upon a Second District Court of Appeal decision, *Cooley v. State*, 686 So. 2d 732 (Fla. 2d DCA 1997), that predated our supreme court's decision in *J.O.S.* Nevertheless, because this case involves a value range, and not a monetary value limit, we need not recede from *Acosta* to resolve the issue.

The trial court failed to apply the correct law when it limited restitution to $20,001. We therefore reverse and remand the case to the trial court for a restitution hearing consistent with *J.O.S.* and the significant relationship test.

*Reversed and Remanded.*

DAMOORGIAN, C.J., and TAYLOR, J., concur.

*     *     *

*Not final until disposition of timely filed motion for rehearing.*