DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**ROSA ELENA MARTINEZ,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D19-2538

[April 28, 2021]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Glenn D. Kelley, Judge; L.T. Case No. 17-CF-009942-AXXX-MB.

Carey Haughwout, Public Defender, and Erika Follmer, Assistant Public Defender, West Palm Beach, for appellant.

Ashley Moody, Attorney General, Tallahassee, and Jeanine Germanowicz, Assistant Attorney General, West Palm Beach, for appellee.

FORST, J.

Appellant Rosa Elena Martinez appeals from her conviction and sentence for one count of third-degree grand theft of property with a value of $10,000 or more but less than $20,000, raising several issues on appeal. Finding no error, we affirm all issues and write only to address Appellant's argument that the trial court erred in its calculation of restitution due.

**Background**

The State charged Appellant with one count of grand theft over $20,000, alleging that she, as the victims' real estate agent, knowingly obtained $20,000 or more from them under the guise of helping them buy a home. At trial, the State introduced evidence that Appellant had fraudulently taken the following from the victims: $30,000, to invest in Appellant's own company, falsely promising the victims that they would make 8% interest and that their investment was safe; twenty-eight periodic payments, totaling $15,158, to purportedly be paid towards a $28,000 loan; and $5,000, purportedly to be spent on closing costs on the home.

The State argued that, in total, the victims had lost more than $50,000.

The verdict form allowed the jury to determine the monetary value for the grand theft counts and provided six value ranges. The jury found Appellant guilty of the lesser-included offense of grand theft in the third degree, "defined as theft of property of more than $10,000 but less than $20,000."

At sentencing, the parties addressed restitution. The State requested restitution in an amount of more than $54,000, while defense counsel requested pay-back restitution of not more than $20,000 – the maximum dollar value defining the third-degree grand theft conviction. After a subsequent restitution hearing, the trial court ordered Appellant to pay the victims $50,158.45 in restitution, to reflect the total amount of money they had lost in the $30,000 investment in Appellant's company, twenty-eight periodic payments totaling $15,158, and $5,000 paid towards closing costs. From this restitution order, Appellant now appeals.

**Analysis**

Appellant argues that this court must reverse the restitution order because the trial court could not order restitution in an amount greater than the maximum dollar value defining the offense of third-degree grand theft. She asserts that because the jury convicted her of the lesser-included offense of third-degree grand theft, defined as theft of property valued at $10,000 or more, but less than $20,000, the jury had essentially acquitted her of grand theft of more than $20,000 so that ordering restitution above that amount was error.

This court reviews restitution orders for an abuse of discretion. *State v. Tomasheski*, 168 So. 3d 248, 249 (Fla. 4th DCA 2015) (citing *Koile v. State*, 934 So. 2d 1226, 1229 (Fla. 2006)).

Criminal restitution is a judicial remedy under which a person who has suffered loss, monetary expense or injury as a direct or indirect result of the defendant's offense or criminal episode is restored to the victim's original position or placed in the position in which the victim would have been, had the crime not been committed. *See* § 775.089, Fla. Stat. (2015). This is accomplished by requiring the defendant to repay money, goods, or services to the victim of his offense and is a mandatory sanction under section 775.089(1)(a). That statute provides, in relevant part:

> (1)(a) In addition to any punishment, **the court shall** order the defendant to make restitution to the victim for:

1. Damage or loss caused directly or indirectly by the defendant's offense; and

2. Damage or loss related to the defendant's criminal episode,

unless it finds clear and compelling reasons not to order such restitution. Restitution may be monetary or nonmonetary restitution.

. . .

(6)(a) The court, in determining whether to order restitution and the amount of such restitution, **shall consider the amount of the loss sustained by any victim as a result of the offense**.

. . .

(7) **Any dispute as to the proper amount or type of restitution shall be resolved by the court by the *preponderance of the evidence*.** The burden of demonstrating the amount of the loss sustained by a victim as a result of the offense is on the state attorney. The burden of demonstrating the present financial resources and the absence of potential future financial resources of the defendant and the financial needs of the defendant and his or her dependents is on the defendant. The burden of demonstrating such other matters as the court deems appropriate is upon the party designated by the court as justice requires. . . .

§ 775.089, Fla. Stat. (2015) (emphasis added).

Thus, relevant to this appeal, the statute tells us three things. First, section (1)(a) creates the "significant relationship test" so that restitution is proper where the amount bears a significant relationship to the damage or loss caused by the defendant's actions. *State v. Tomasheski*, 168 So. 3d at 249 (citing and quoting *J.O.S. v. State*, 689 So. 2d 1061, 1064 (Fla. 1997)); *see* § 775.089(1)(a), Fla. Stat. (2015). Second, the trial court, not the jury, is charged with determining the amount or type of restitution. *See* §§ 775.089(1)(a), (6)(a), and (7), Fla. Stat. (2015). Third, unlike a conviction of guilty, which is determined beyond a reasonable doubt, an

3

order of restitution must only be supported by the preponderance of the evidence—a significantly lower burden of proof. *See id.* at § 775.089(7), Fla. Stat. (2015).

In determining whether the trial court was permitted to award an amount of restitution beyond the maximum dollar value defining Appellant's third-degree grand theft conviction, our supreme court's decision in *J.O.S. v. State*, 689 So. 2d 1061 (Fla. 1997), is controlling. In that case, the defendant was charged with first-degree misdemeanor criminal mischief for breaking a window, but he was convicted of the lesser offense of second-degree misdemeanor criminal mischief. *Id.* at 1062. At a subsequent restitution hearing, the victim testified that he paid $1,092 to repair the damage. *Id.* at 1063 n.4. Over defense objection, the trial court ordered restitution of $1,092, an amount exceeding the $200 maximum value of the second-degree criminal mischief adjudication. *Id.* at 1062–63.

On appeal, the supreme court rephrased the issue as "[w]hether, in the absence of any plea agreement, restitution may be ordered in an amount greater than the maximum dollar value defining the offense for which a defendant is adjudicated guilty." *Id.* at 1062. Answering the question in the affirmative, the supreme court held that "restitution may be ordered in an amount greater than the maximum dollar value defining the offense for which a defendant is adjudicated guilty." *Id.* at 1065. It acknowledged the First District's reasoning "that a contrary finding would in effect require restitution amounts to be proven beyond a reasonable doubt at the criminal proceedings in cases where the defendant's alleged offense is defined by reference to a dollar amount." *Id.* at 1064. "[S]uch a position would conflict with section 775.089(7), Florida Statutes (1994), which states that the burden of proof in establishing the amount of restitution is by a preponderance of the evidence." *Id.*

In the instant case, Appellant acknowledges our supreme court's holding in *J.O.S.*, but asserts that it seemingly conflicts with this court's decision in *Acosta v. State*, 856 So. 2d 1143 (Fla. 4th DCA 2003). In that case, the trial court ordered the defendant to pay $14,581 in restitution after the jury found the defendant guilty of a lesser-included offense of petit theft of property with a value of less than $300. *Id.* at 1145. On appeal, this court reversed the award of restitution. *Id.* In doing so, we reasoned that even though the trial court ordered restitution based on the testimony of the victim regarding the value of the property taken, because "the jury did not find [the defendant] guilty of a crime where property of such value was taken[,]" the trial court erred in ordering restitution with an amount exceeding "the value of the property of the crime [the defendant]

4

was convicted of." *Id.*

However, in *State v. Tomasheski*, 168 So. 3d 249 (Fla. 4th DCA 2015), we acknowledged that our holding in *Acosta* relied on a case that predated the supreme court's decision in *J.O.S.*, making it unclear whether *Acosta* was still good law in the wake of *J.O.S. Id.* at 250. We also explained that we did not yet need to decide whether to recede from *Acosta* because *Acosta*'s holding did not apply to the issue in *Tomasheski. Id.* Specifically, *Tomasheski* stated:

> We are aware that our decision in *Acosta v. State*, 856 So. 2d 1143 (Fla. 4th DCA 2003) appears to conflict with *J.O.S.* In *Acosta*, we held that restitution is limited by the monetary value ceiling associated with the crime of which the defendant is convicted. *Acosta*, 856 So. 2d at 1145. We relied upon a Second District Court of Appeal decision, *Cooley v. State*, 686 So. 2d 732 (Fla. 2d DCA 1997), that predated our supreme court's decision in *J.O.S.* Nevertheless, because **this case involves a value range, and not a monetary value limit**, we need not recede from *Acosta* to resolve the issue.

*Id.* (emphasis added).

Similarly, in the instant case, while we recognize that *Acosta* seemingly conflicts with *J.O.S.*, we do not need to decide whether our supreme court's decision in *J.O.S* invalidates *Acosta*'s holding in order to resolve the restitution issue at hand. Just as in *Tomasheski*, the relevant statute—here, the grand theft statute—is defined by a value range, rather than a statutory monetary value limit. *See id.* Thus, *Acosta* is inapplicable in resolving this issue, and *J.O.S.* is controlling.

Because *J.O.S.* instructs that restitution may be ordered above the maximum dollar value defining a defendant's offense, neither this court nor the trial court was restricted by the maximum dollar value defining third-degree grand theft in rewarding restitution. Rather, the relevant determination was whether the amount of restitution bore a significant relationship to the victims' damages and losses caused by Appellant's course of conduct. *See* § 775.089(1)(a), Fla. Stat. (2015). Because the amount of restitution awarded constituted the total amount of money which the State proved the couple lost in the three thefts, the significant relationship test is met, and the award of restitution was proper.

**Conclusion**

Consistent with our supreme court's decision in *J.O.S.*, we reiterate that restitution may be ordered in an amount greater than the maximum dollar value defining the offense for which a defendant is adjudicated guilty. We likewise apply the "significant relationship" test, which requires a court to order a defendant to make restitution for damage or loss "caused directly or indirectly by the defendant's offense" and "related to the defendant's criminal episode" (unless the court "finds clear and compelling reasons not to order such restitution"). We find that the $50,158.45 restitution award bears a significant relationship to the loss which the victims sustained attributable to Appellant's three thefts and, finding no error, we affirm the trial court's restitution order, as well as the other aspects of the final judgment and sentence.

*Affirmed.*

DAMOORGIAN, J., concurs.
WARNER, J., concurs specially with opinion.

WARNER, J., concurring specially.

I concur in the majority opinion. However, I would simply recede from *Acosta v. State,* 856 So. 2d 1143 (Fla. 4th DCA 2003), as it is apparent that it conflicts with *J.O.S. v. State,* 689 So. 2d 1061 (Fla. 1997).

* * *

***Not final until disposition of timely filed motion for rehearing.***