# DISTRICT COURT OF APPEAL OF FLORIDA
## SECOND DISTRICT

————————————————

KEONDRE FLOURNOY,

Appellant,

v.

STATE OF FLORIDA,

Appellee.

No. 2D2024-1491

————————————————

July 2, 2025

Appeal from the Circuit Court for Pinellas County; Julie Sercus, Judge.

Blair Allen, Public Defender, and Brett S. Chase, Special Assistant Public Defender, Bartow, for Appellant.

James Uthmeier, Attorney General, Tallahassee, and Helene S. Parnes, Senior Assistant Attorney General, Tampa, for Appellee.

MORRIS, Judge.

Keondre Flournoy appeals his convictions for the offenses of fire bomb (possess, manufacture, transport, or dispose) and attempted arson of a dwelling. Flournoy also challenges his sentence as a habitual felony offender (HFO) and prison releasee reoffender (PRR) for the attempted arson charge, arguing that for those enhancements to be applicable, a jury determination was required pursuant to *Erlinger v. United States*, 602 U.S. 821 (2024). We affirm the convictions without further

comment, but we write to explain why we also affirm Flournoy's sentence for the attempted arson conviction.[1]

The State concedes that HFO and PRR findings must, at a defendant's request, be made by the jury. We do not need to decide whether, pursuant to *Erlinger*, this concession is correct. This is because even assuming that the trial court erred by making the findings necessary to impose the HFO and PRR enhancements, rather than leaving those findings to the jury, the error was harmless. *Erlinger*, following the principle espoused in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and later adopted and expanded upon by *Blakely v. Washington*, 542 U.S. 296 (2004), and *Alleyne v. United States*, 570 U.S. 99 (2013), acknowledged that any fact which increases the "range of penalties" that a defendant is exposed to must be decided by a jury. *Erlinger*, 602 U.S. at 833 (quoting *Apprendi*, 530 U.S. at 490). Florida courts have recognized that the types of errors addressed in *Apprendi*, *Blakely*, and *Alleyne* are subject to harmless error review. *See State v. Manago*, 375

_____

[1] Flournoy raised the *Erlinger* issue by filing a motion to correct sentencing error pursuant to Florida Rule of Criminal Procedure 3.800(b). The State maintains that Flournoy was required to raise the *Erlinger* issue at sentencing rather than in a rule 3.800(b) motion. We reject the State's argument. *Erlinger* applied the principle set forth in *Apprendi v. New Jersey*, 530 U.S. 466 (2000). And the Florida Supreme Court has acknowledged that *Apprendi* claims are properly preserved by a rule 3.800(b) motion. *See State v. Fleming*, 61 So. 3d 399, 401 n.3 (Fla. 2011). This and other Florida courts have likewise recognized that *Apprendi* claims may properly be preserved in such motions. *See, e.g.*, *Moss v. State*, 925 So. 2d 1131, 1132 (Fla. 2d DCA 2006); *Gisi v. State*, 848 So. 2d 1278, 1282 (Fla. 2d DCA 2003); *Hollingsworth v. State*, 293 So. 3d 1049, 1051 (Fla. 4th DCA 2020); *cf. Rosado v. State*, 308 So. 3d 1065, 1067 n.2 (Fla. 5th DCA 2020) (rejecting State's argument that *Apprendi* issue could not be properly raised in a rule 3.800(b) motion). Thus, *Erlinger* claims may also be raised in a rule 3.800(b) motion, and this issue was properly preserved.

So. 3d 190, 198-201, 203 (Fla. 2023); *Toye v. State*, 311 So. 3d 78, 82 (Fla. 2d DCA 2019); *Ayos v. State*, 275 So. 3d 178, 181 (Fla. 4th DCA 2019). It follows then that *Erlinger* errors are also subject to harmless error review.

"Where the error concerns sentencing, the error is harmless only if there is no reasonable possibility that the error contributed to the sentence." *Hurst v. State*, 202 So. 3d 40, 68 (Fla. 2016), *receded from on other grounds by Gonzalez v. State*, 375 So. 3d 886, 887 (Fla. 2023); *see also N.J.O. v. State*, 292 So. 3d 491, 499 (Fla. 2d DCA 2020). The State has the burden to prove beyond a reasonable doubt that the jury's failure to make the necessary findings for application of the HFO and PRR enhancements did not contribute to Flournoy's sentence. *Cf. N.J.O.*, 292 So. 3d at 499 (relying on *State v. DiGuilio*, 491 So. 2d 1129, 1139 (Fla. 1986), for the proposition that the State carries the burden to prove that an error is harmless).

It is undisputed that the State read Flournoy's prior record at the sentencing hearing and that Flournoy's certified department of corrections packet, which details all of his prior offenses and release dates, was filed below and is contained in our record. Flournoy did not dispute his prior record or release dates at sentencing. And defense counsel conceded at sentencing that Flournoy qualified for the PRR enhancement. Thus we conclude that there is no reasonable possibility that the error contributed to the sentence. Consequently, any error was harmless. *Cf. Parrish v. State*, 954 So. 2d 63, 64 (Fla. 4th DCA 2007) (concluding that even if there was an *Apprendi/Blakely* error due to the lack of a jury finding that the appellant qualified as a HFO, the error would be harmless). We thus affirm Flournoy's sentence for the attempted arson conviction.

Affirmed.

SILBERMAN and LaROSE, JJ., Concur.

_____

Opinion subject to revision prior to official publication.