DISTRICT COURT OF APPEAL OF FLORIDA
SECOND DISTRICT

_____

CATHLEEN NAMANDA HARVIS,

Appellant,

v.

STATE OF FLORIDA,

Appellee.

No. 2D2024-1237

_____

September 5, 2025

Appeal from the Circuit Court for Hillsborough County; Robin Fernandez
Fuson, Judge.

Blair Allen, Public Defender, and Andrea M. Norgard, Assistant Public
Defender, Bartow, for Appellant.

James William Uthmeier, Attorney General, Tallahassee, and Wendy
Buffington, Senior Assistant Attorney General, Tampa, for Appellee.

LaROSE, Judge.

　　Cathleen Namanda Harvis appeals her judgment and sentence for
aggravated battery with a deadly weapon. We have jurisdiction. *See* Fla.
R. App. P. 9.030(b)(1)(A). Relying on *Erlinger v. United States*, 602 U.S.
821 (2024), Ms. Harvis criticizes the trial court for adding victim injury
points to her Criminal Punishment Code scoresheet. That task, she says,

was for the jury. She complains that the trial court's action unlawfully increased her lowest permissible sentence. *See id.* at 834 ("Virtually 'any fact' that 'increase[s] the prescribed range of penalties to which a criminal defendant is exposed' must be resolved by a unanimous jury beyond a reasonable doubt (or freely admitted in a guilty plea)." (alteration in original) (quoting *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000))). The claimed error was harmless. Thus, we affirm.

## Background

The victim was visiting with friends on her grandmother's front porch. At some point, one of the friends left to walk to a nearby store. The friend cut through an adjoining alleyway. Oddly enough, she encountered the victim's ex-boyfriend. Startled, the friend exclaimed his nickname.

Hearing a commotion, the victim ran to the alley. She confronted her ex-boyfriend; a tussle ensued. Little did she know that Ms. Harvis, the ex-boyfriend's current girlfriend, lay in wait.

Seeing the victim from her idling vehicle, Ms. Harvis accelerated and ran over the victim's "right upper side . . . under [her] shoulder blade, [her] face." For good measure, Ms. Harvis then backed her vehicle over the victim causing the victim to suffer a broken scapula, severe abrasions, and road rash. The victim spent a night in the hospital and, thereafter, was bedridden and "couldn't do anything for six weeks." The jury viewed photos of the injuries. The victim also showed the jurors markings and scars on her body.

The State originally charged Ms. Harvis with aggravated battery because Ms. Harvis intentionally ran over the victim with a vehicle causing great bodily harm. *See* § 784.045(1)(a), Fla. Stat. (2023) ("A person commits aggravated battery who, in committing

2

battery . . . [i]ntentionally or knowingly causes great bodily harm . . . or . . . [u]ses a deadly weapon.").  Shortly before trial, however, the State amended the information to excise the "great bodily harm" element of the offense.

At trial, defense counsel argued that there was a lack of evidence to establish that Ms. Harvis drove the car.  Importantly, during closing argument, counsel conceded that the victim was "very much injured."

The jury found Ms. Harvis guilty.  The verdict form indicated only that "[t]he defendant is guilty of Aggravated Battery, as charged."  The jury made no findings as to the existence or extent of the victim's injuries.

At sentencing, the State sought a bottom-of-the-guidelines sentence of 43.65 months in prison.  The proposed scoresheet included eighteen moderate victim injury points.[1]  The trial court agreed that the victim suffered moderate injuries.  The trial court imposed the State's requested sentence, explaining that "I don't see any reason to go . . . above the bottom of the guidelines."  Ms. Harvis voiced no objection.

During the pendency of this appeal, Ms. Harvis filed a motion to correct sentencing error.  *See* Fla. R. Crim. P. 3.800(b)(2).  She argued that the trial court erred by scoring victim injury points because the "jury made no finding of injury or the severity of injury."  The trial court denied the motion.

## Analysis

### I.    Preservation

---

[1] Scoring for slight injury points equated to a minimum sentence of 33.15 months in prison.  Assessing no victim injury points would result in a minimum of 30.15 months in prison.

At the outset, Ms. Harvis explains that she preserved her scoresheet error claim for our review through her rule 3.800(b) motion. The State counters that Ms. Harvis failed to object at sentencing. The State also notes that Ms. Harvis's motion challenged the sentencing process, not the sentencing order.

We recently rejected the State's position:

> Flournoy raised the *Erlinger* issue by filing a motion to correct sentencing error pursuant to Florida Rule of Criminal Procedure 3.800(b). The State maintains that Flournoy was required to raise the *Erlinger* issue at sentencing rather than in a rule 3.800(b) motion. We reject the State's argument. *Erlinger* applied the principle set forth in *Apprendi* . . . . And the Florida Supreme Court has acknowledged that *Apprendi* claims are properly preserved by a rule 3.800(b) motion. *See State v. Fleming*, 61 So. 3d 399, 401 n.3 (Fla. 2011). This and other Florida courts have likewise recognized that *Apprendi* claims may properly be preserved in such motions. *See, e.g.*, *Moss v. State*, 925 So. 2d 1131, 1132 (Fla. 2d DCA 2006); *Gisi v. State*, 848 So. 2d 1278, 1282 (Fla. 2d DCA 2003); *Hollingsworth v. State*, 293 So. 3d 1049, 1051 (Fla. 4th DCA 2020); *cf. Rosado v. State*, 308 So. 3d 1065, 1067 n.2 (Fla. 5th DCA 2020) (rejecting State's argument that *Apprendi* issue could not be properly raised in a rule 3.800(b) motion). Thus, *Erlinger* claims may also be raised in a rule 3.800(b) motion, and this issue was properly preserved.

*Flournoy v. State*, 50 Fla. L. Weekly D1438, D1438 n.1 (Fla. 2d DCA July 2, 2025). The same holds true here. Ms. Harvis's rule 3.800(b) motion preserved her *Erlinger* claim.

## II.   Harmless error

In *Flournoy*, we further observed that

> *Erlinger*, following the principle espoused in *Apprendi*[, 530 U.S. at 466], and later adopted and expanded upon by *Blakely v. Washington*, 542 U.S. 296 (2004), and *Alleyne v. United States*, 570 U.S. 99 (2013), acknowledged that any fact which increases the "range of penalties" that a defendant is

4

exposed to must be decided by a jury. *Erlinger*, 602 U.S. at 833 (quoting *Apprendi*, 530 U.S. at 490).

50 Fla. L. Weekly at D1438.

Ms. Harvis frames her claim as simple scoresheet error: "it was improper for the trial court, as opposed to a jury, to determine the severity of victim injury and then add those points to her scoresheet." *See, e.g.*, *Jackson v. State*, 983 So. 2d 562, 572 (Fla. 2008) (recognizing inaccurate scoresheets as "sentencing errors"). Her effort is misguided because she ignores harmless error review. "Florida courts have [consistently] recognized that the types of errors addressed in *Apprendi*, *Blakely*, and *Alleyne* are subject to harmless error review. It follows . . . that *Erlinger* errors are also subject to harmless error review." *Flournoy*, 50 Fla. L. Weekly at D1438 (citations omitted).

*Galindez v. State*, 955 So. 2d 517 (Fla. 2007), illustrates the point. A jury found Mr. Galindez guilty, in part, of child abuse by impregnating the victim. *Id.* at 519-20. The trial court sentenced the defendant using a scoresheet that included eighty victim injury points for penetration. *Id.* at 520. After his sentencing, the United States Supreme Court decided *Apprendi*, 530 U.S. at 490, holding that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Galindez*, 955 So. 2d at 519 (alteration in original). Relying on *Apprendi*, Mr. Galindez filed a rule 3.800(b) motion, arguing, in part, that because the jury did not find penetration, the trial court could assess only forty victim injury points. *Id.* at 523.

Ms. Harvis's argument is, essentially, the same. She recounts that the State proceeded only on a charge of aggravated battery with a deadly

5

weapon. This did not require a jury finding of injury. Consequently, she tells us that the trial court could not assess any victim injury points.

Unfortunately for Ms. Harvis, the Florida Supreme Court affirmed Mr. Galindez's sentences:

> [A]ssuming *Apprendi* applies to Galindez's resentencing, for purposes of our harmless error analysis the issue is whether the failure to have the jury make the victim injury finding . . . contributed to the conviction or sentence–**in other words, whether the record demonstrates beyond a reasonable doubt that a rational jury would have found penetration.**
>
> . . . .
>
> In light of the clear and uncontested record evidence of penetration . . ., we hold that no reasonable jury would have returned a verdict finding there was no penetration. Accordingly, we find the error in this case harmless beyond a reasonable doubt.

*Id.* at 523–24 (emphasis added) (citations omitted).

Bound by *Galindez*, we review Ms. Harvis's claim for harmless error. Specifically, we evaluate "whether the record demonstrates beyond a reasonable doubt that a rational jury would have found [moderate injury]." *See id.* at 523.

### III. Ms. Harvis and harmless error

Our harmless error review mandates a comprehensive accounting of the trial evidence. *Compare Galindez*, 955 So. 2d at 524 (finding harmless error when evidence of victim injury based on penetration—the sentencing factor being addressed—was indisputable because the defendant admitted to having sex with the victim, who was also pregnant with his child), *with Williams v. State*, 242 So. 3d 280, 291–92 (Fla. 2018) (holding that the jury's failure to make the necessary factual finding under section 775.082(1)(b) as to whether the juvenile defendant actually killed or intended to kill the victim was not harmless where there was

"sharply conflicting evidence"), *receded from on other grounds by State v. Manago*, 375 So. 3d 190, 192, 203 (Fla. 2023).

Recall that Ms. Harvis ran her vehicle over the victim twice. The victim suffered significant injuries. Even defense counsel conceded that the victim "was very much injured." She was hospitalized and incapacitated for six weeks. The jury saw photos of the injuries and viewed the victim's markings and scars. This evidence was sufficient to support a finding of moderate injury. *See, e.g.*, *Cooley v. State*, 686 So. 2d 732, 732 (Fla. 2d DCA 1997) ("[A] fractured leg requiring surgery would satisfy one of the elements (great bodily harm) in an aggravated battery charge . . . ."); *Coronado v. State*, 654 So. 2d 1267, 1270 (Fla. 2d DCA 1995) ("[The victim] did suffer great bodily harm. He suffered a facial fracture, numbness and a great deal of pain around the eye and face."); *Owens v. State*, 289 So. 2d 472, 473-74 (Fla. 2d DCA 1974) (explaining that the victim incurred great bodily harm where, as a result of a battery, the victim suffered "a broken nose, one eye completely shut and the other one [he] could barely see out of" and "[his] lip was busted and [he] had blood on [him]"); *Heck v. State*, 774 So. 2d 844, 845 (Fla. 4th DCA 2000) ("The victim's orbital fracture, swelling, and bruising in this case, was sufficient evidence of great bodily harm.").

Our record review demonstrates that no reasonable jury would have returned a verdict finding that there was anything less than moderate injury. *See Neder v. United States*, 527 U.S. 1, 19 (1999) ("[W]here a defendant did not, and apparently could not, bring forth facts contesting the omitted element, answering the question whether the jury verdict would have been the same absent the error does not fundamentally undermine the purposes of the jury trial guarantee."). The error about which Ms. Harvis complains is harmless beyond a

7

reasonable doubt.  *See Galindez*, 955 So. 2d at 524; *see also Washington v. Recuenco*, 548 U.S. 212, 218 (2006) ("We have repeatedly recognized that the commission of a constitutional error at trial alone does not entitle a defendant to automatic reversal.  Instead, ' "most constitutional errors can be harmless." ' " (quoting *Neder*, 527 U.S. at 8)).

## Conclusion

The trial court's finding of moderate injury and corresponding scoring of victim injury points constitutes harmless error.  We affirm Ms. Harvis's judgment and sentence.

Affirmed.


SILBERMAN and SLEET, JJ., Concur.

_____

Opinion subject to revision prior to official publication.